In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3485

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DARRELL L. DUNCAN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:15-cr-46-RLM — **Robert L. Miller, Jr.**, *Judge.*

ARGUED MAY 24, 2016 — DECIDED AUGUST 12, 2016

Before ROVNER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* The only issue in this appeal is
whether a conviction under Indiana's robbery statute, Indiana
Code § 35-42-5-1, includes as an element "the use, attempted
use, or threatened use of physical force against the person of
another" such that it qualifies as a violent felony under the
elements clause of the definition in the Armed Career Crimi-
nal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i). Our conclusion
that Indiana robbery is a violent felony might seem about as

interesting as a prediction that the sun will rise in the east to-morrow. Nevertheless, the intricate law that has developed around the classification of prior convictions for recidivist sentencing enhancements can produce some surprising re-sults. See, e.g., *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016) (burglary conviction not a violent felony under ACCA); *Johnson v. United States*, 559 U.S. 133 (2010) (battery conviction not a violent felony under ACCA); *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016) (North Carolina com-mon law robbery conviction not a violent felony under ACCA).

A person can commit robbery under Indiana Code § 35-42-5-1 by taking property by "putting any person in fear." The statute itself does not tell us what the person must fear. Indi-ana case law teaches that the answer is fear of bodily injury. A conviction for such "robbery by fear" thus has as an element "the use, attempted use, or threatened use of physical force against the person of another." A conviction for robbery un-der the Indiana statute qualifies under the still-valid elements clause of the ACCA definition of violent felony.

I. *Factual Background*

In May 2015, Darrell Duncan was arrested on outstanding warrants. Police discovered a loaded pistol near the site of his arrest. Duncan eventually admitted that it belonged to him. He pled guilty to a single count of being a felon and unlawful user of controlled substances in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), (g)(3), and 924(e).

Duncan had three prior Indiana state convictions for rob-bery, one in 2001, and two in 2008. The statute defines robbery

as "knowingly or intentionally tak[ing] property from an-
other person or from the presence of another person" either
"by using or threatening the use of force on any person" or
"by putting any person in fear." Ind. Code § 35-42-5-1. Over
Duncan's objection, the district court found that those three
convictions counted as "violent felonies" under the ACCA.
Without the enhancement, Duncan faced a maximum sen-
tence of ten years in prison. See 18 U.S.C. § 924(a)(2). With the
enhancement, he faced a mandatory minimum sentence of fif-
teen years, § 924(e)(1), which is the sentence the court im-
posed.

II. *Analysis*

Whether a prior offense constitutes a violent felony under
the Armed Career Criminal Act is a question of law that we
review *de novo. United States v. Gilbert*, 464 F.3d 674, 677 (7th
Cir. 2006). We first discuss the standards that govern whether
a crime is a violent felony and then apply those standards to
Indiana's robbery statute. Under the ACCA:

> (B) the term "violent felony" means any crime
> punishable by imprisonment for a term exceed-
> ing one year, or any act of juvenile delinquency
> involving the use or carrying of a firearm, knife,
> or destructive device that would be punishable
> by imprisonment for such term if committed by
> an adult, that—
>
> (i) has as an element the use, attempted use, or
> threatened use of physical force against the per-
> son of another; or
>
> (ii) is burglary, arson, or extortion, involves use
> of explosives, or otherwise involves conduct

that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Clause (ii) does not apply to Duncan's convictions. Robbery does not fit the specific list of offenses in the first half of the provision, and the Supreme Court invalidated the final clause—"otherwise involves conduct that presents a serious potential risk of physical injury to another"—as unconstitutionally vague in *Johnson v. United States*, 576 U.S. —,135 S. Ct. 2551 (2015). We must focus on the "elements clause" of the definition of "violent felony" in § 924(e)(2)(B)(i).

"The meaning of 'physical force' in § 924(e)(2)(B)(i) is a question of federal law…." *Johnson v. United States*, 559 U.S. 133, 138 (2010). (For the sake of clarity, we refer to the Supreme Court's 2010 *Johnson* ACCA decision as *Curtis Johnson* and its 2015 ACCA decision as *Samuel Johnson*.) In *Curtis Johnson*, the issue was whether a Florida conviction for battery, which as a matter of state law could be based on "*any* intentional physical contact, 'no matter how slight,'" qualified as a violent felony. *Curtis Johnson*, 559 U.S. at 138, quoting *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007) (emphasis in original). The Court concluded that for purposes of the elements clause in § 924(e)(2)(B)(i), "the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140 (emphasis in original). Because even slight contact could support a conviction under the statute, Curtis Johnson's battery conviction did not qualify as a predicate violent felony under ACCA. *Id.* at 145.

In *Curtis Johnson*, the government argued unsuccessfully that the term "force" in § 924(e)(2)(B)(i) could, in fact, be satisfied by simple offensive touching. One of the government's

arguments and the Court's response are particularly relevant here. The government argued that the absence of language in § 924(e)(2)(B)(i) specifying that "physical force" must rise to the level of bodily injury "proves that the merest touch suffices." *Id.* at 143. The Court rejected that argument with language that guides us here:

> Specifying that "physical force" must rise to the level of bodily injury [in a different statutory section] does not suggest that without the qualification "physical force" would consist of the merest touch. It might consist, for example, of only that degree of force necessary to inflict pain—a slap in the face, for example.

*Id.* While mere touching is not enough to show physical force, the threshold is not a high one; a slap in the face will suffice.

With this understanding of "physical force" in mind, we turn to Indiana Code § 35-42-5-1. To determine when a prior conviction counts as a predicate offense under the ACCA, sentencing courts apply the "categorical" approach, looking only to the statutory elements of the offense, not the actual facts underlying the conviction. *Descamps v. United States*, 570 U.S. —, —, 133 S. Ct. 2276, 2283 (2013), quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990). The issue is whether the Indiana robbery statute "has as an element the use, attempted use, or threatened use of physical force against the person of another." The statute reads in relevant part:

> A person who knowingly or intentionally takes property from another person or from the presence of another person:

> (1)     by using or threatening the use
>          of force on any person; or
>
> (2)     by putting any person in fear;
>
> commits robbery, a Level 5 felony.

Ind. Code § 35-42-5-1. Duncan focuses on the second subsection, arguing that because a person can be convicted for putting another person in fear, the offense does not include the use, attempted use, or threatened use of physical force against another as an element.[1]

The answer depends on what Indiana courts require to convict a person of robbery by putting a person in fear. We begin with our opinion in *United States v. Lewis*, 405 F.3d 511 (7th Cir. 2005), on which the district court correctly relied. *Lewis* held that a conviction for robbery under Indiana state law constituted a crime of violence under both the residual clause and the elements clause of the Sentencing Guideline definition of crime of violence in U.S.S.G. § 4B1.2(a) for the career offender guideline. The elements clauses of the ACCA definition and the Guideline definition are identical, so they have been interpreted to cover the same scope. *United States v. Woods*, 576 F.3d 400, 403–04 (7th Cir. 2009); compare 18 U.S.C. § 924(e)(2)(B)(i) with U.S.S.G. § 4B1.2(a)(1).[2]

---

[1] The Indiana robbery statute was amended effective July 1, 2014 as part of a comprehensive revision of Indiana criminal statutes to change the classification of levels of felonies. Ind. Pub. L. 158–2013, § 450. The amendment did not affect the elements of the offense.

[2] Whether the 2015 *Samuel Johnson* holding that the residual clause in the statute is unconstitutionally vague extends to the residual clause of the definition of "crime of violence" in the advisory Sentencing Guideline for career criminals, see U.S.S.G. § 4B1.2(a)(2), is an open question that has

In *Lewis*, we reasoned that because robbery "entails taking property from the person of another by force or threat," it had as an element "the use, attempted use, or threatened use of physical force." *Lewis*, 405 F.3d at 514. Recognizing the possibility that the statute covers robbery by putting another person in fear, without mentioning physical force, we explained: "The 'fear' in this formulation is fear of physical injury rather than of defamation; § 35-42-5-1 is not a blackmail statute." *Id.*, citing *Cross v. State*, 137 N.E.2d 32 (Ind. 1956), and *Rigsby v. State*, 582 N.E.2d 910, 912 (Ind. App. 1991); see also *Jones v. State*, 859 N.E.2d 1219, 1225 (Ind. App. 2007), quoting *Rigsby*. In other words, we held that an Indiana robbery conviction satisfied the elements clause of the definition of a crime of violence. We also said that even without actual force, a robbery intrinsically involves "conduct that presents a serious potential risk of physical injury to another," making it a crime of violence under the Guidelines' residual clause as well. *Lewis*, 405 F.3d at 514.

Duncan explains *Lewis* by trying to pair each of two types of Indiana robbery with a different *Lewis* holding. He argues that under *Lewis*, robbery involving the use or threatened use of force qualifies as a violent felony under the elements clauses in 18 U.S.C. § 924(e)(2)(B)(i) and its guideline equivalent, U.S.S.G. § 4B1.2(a)(1). He contends robbery by fear is

---

divided the circuits. Compare *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015) (vagueness doctrine does not apply to advisory Guidelines), with *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016) (vagueness doctrine does apply to Guidelines). The Supreme Court has granted certiorari in a case presenting that issue. *United States v. Beckles*, 616 Fed. Appx. 415 (11th Cir. 2016), cert. granted, No. 15-8544 (U.S. June 27, 2016) (presenting this question). The ultimate answer to that question will not affect this appeal.

covered only by the residual clause of § 924(e)(2)(B)(ii) and its guideline equivalent, § 4B1.2(a)(2). Since the ACCA residual clause is no longer valid after *Samuel Johnson*, 576 U.S. —, 135 S. Ct. 2551 (2015), he argues that *Lewis* can no longer justify treating robbery by fear as a violent felony.

*Lewis* did not hold, however, that robbery by fear qualified as a violent felony *only* under the residual clause. We made clear that robbery by "putting any person in fear" is Indiana's equivalent of taking property from the person of another by threat of physical injury, so it falls under the still-valid elements clause, as well as the residual clause. 405 F.3d at 514. The relevant holding of *Lewis*—that any conviction under Indiana Code § 35-42-5-1 qualifies as a crime of violence under the elements clause and is thus a violent felony—remains good law.

Duncan also argues that the fear of physical injury required by Indiana's robbery statute does not rise to the level of force demanded by *Curtis Johnson*—"that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. He relies on *Flores v. Ashcroft*, 350 F.3d 666 (7th Cir. 2003). We held in *Flores* that an Indiana conviction for misdemeanor battery with bodily injury, see Ind. Code § 35-42-2-1, could not properly be considered a crime of domestic violence under an immigration statute, 8 U.S.C. § 1227(a)(2)(E), that uses the definition of "crime of violence" from 18 U.S.C. § 16. The "elements clause" of § 16 uses the same language as the ACCA definition: "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

In *Flores* we reviewed Indiana law to conclude that: (1) Indiana's battery statute encompasses "any contact, however

slight," both direct and indirect, *Flores*, 350 F.3d at 669 (citations omitted); and (2) the threshold for bodily injury in Indiana is low: "a bruise suffices, as does any physical pain even without trauma." *Id.* at 670 (citations omitted). Thus, a conviction for misdemeanor battery with bodily injury could encompass conduct such as lofting a paper airplane if that airplane "inflicts a paper cut," or throwing a snowball if it "causes a yelp of pain." *Id.* The key to the *Flores* decision was the fact that the Indiana battery-with-bodily-injury offense does not require intent to injure: "Indiana's battery law does not make intent to injure an element of the offense; intent to *touch* must be established, but not intent to injure." *Id.* at 671 (emphasis in original).

Duncan seizes on the low level of physical injury required to satisfy Indiana's definition of "bodily injury," arguing that the fear of such minor injury or simple physical pain is not enough to render Indiana robbery by fear a crime of violence. If he means to argue that putting someone in fear of something as minor as a bruise or simple physical pain cannot qualify as a violent felony, the case law rejects that position. *Curtis Johnson* did not hold that "physical force" under the ACCA means a level of force likely to cause serious injury, or traumatic injury. Relying on *Flores*, the Court held that "physical force" requires no more than "force capable of causing physical pain or injury to another person." 559 U.S. at 140, citing *Flores*, 350 F.3d at 672. The Court said that "physical force" might consist of nothing more than "a slap in the face." *Id.* at 143. Thus, neither *Flores* nor *Curtis Johnson* holds that a crime involving actual or threatened infliction of only pain or minor injury cannot qualify as a violent felony. A fear of a slap in the face is sufficient under *Curtis Johnson*. The fact that § 35-42-5-

1(2) requires a fear of only "bodily injury" instead of "moderate" or "severe" bodily injury therefore does not exclude it from counting as a violent felony under the ACCA.

Duncan also argues that under *Flores*, a statute that does not otherwise include force as an element cannot be "transformed into a crime of violence with the addition of simple 'bodily injury.'" To the extent that the injury might be accidental, as permitted by the elements of the battery-with-bodily-injury offense in *Flores*, that is correct, but our focus here is on force that is intentionally applied or threatened. As noted, a conviction for Indiana robbery by fear requires a fear of bodily injury. *Lewis*, 405 F.3d at 514. Logically, this would require proof that the robber put the victim in fear that the robber was prepared to use "physical force" as defined by *Curtis Johnson*: "force capable of causing physical pain or injury to another person," 559 U.S. at 140, which can include force such as a slap in the face. Duncan has cited no cases holding that the statute might cover a hypothetical robbery in which a victim was induced to part with her property out of fear of a mere "offensive touching" that *accidentally* causes bodily injury.

Duncan also argues that his robbery convictions cannot qualify as violent felonies because Indiana's statute requires only that the victim *be* in fear of bodily injury, not that the criminal defendant actually have threatened to use physical force to cause that fear. We do not read Indiana case law as supporting this argument. In *Rickert v. State*, 876 N.E.2d 1139, 1141 (Ind. App. 2007), the Indiana Court of Appeals explained: "Fear of bodily injury or personal harm in the case of noncompliance with the robber's demands is required to support a conviction requiring a person be put in fear." We do not

see how, in the ordinary case, the State will be able to prove that a victim feared bodily injury if he did not comply with a robber's demands without showing that the robber employed a threat of physical force, either explicit or implicit. See, e.g., *Hannah v. State*, 311 N.E.2d 838, 841 (Ind. App. 1974) ("violent and oppressive circumstances" surrounding the taking of property allowed for the inference that victim was put in fear).

Duncan contends that *Jones v. State*, 859 N.E.2d 1219 (Ind. App. 2007), allows a conviction for robbery by fear even if the robber does not use or threaten to use force. In *Jones*, the defendant approached the teller's window in disguise, placed a note demanding money in it, and "loudly stated, 'I just need to get this done as quickly as possible.'" *Id.* at 1221. The teller later testified that she was scared because she believed the defendant "might do something to her." *Id.* at 1225. Duncan argues that there was no evidence of a threat to use force in that case. If a person can be convicted of robbery by fear without an explicit or implicit threat of violence, then robbery by fear cannot be a violent felony under the ACCA.

But we do not read *Jones* as holding that there need not be any threat at all to support a conviction for robbery by fear. In an earlier case discussing robbery by fear, the Supreme Court of Indiana quoted Cooley's Blackstone to define the expression "putting in fear": "it is enough that so much force, or threatening by word or gesture be used, as might create an apprehension of danger, or induce a man to part with his property without or against his consent." *Cross*, 137 N.E.2d at 33, quoting 2 Cooley's Blackstone (4th ed.) p. 1404, and *State v. Luhano*, 102 P.2d 260, 262 (Nev. 1909). *Jones* shows only that robbery by fear can be shown by circumstances that communicated an implicit threat to use physical force, even if there

was no explicit threat. See also, e.g., *Simmons v. State*, 455
N.E.2d 1143, 1148 (Ind. App. 1983) (discussing *Cross* "'Using
or threatening the use of force' can be, by our supreme court's
definition, the objective causation of the subjective reaction of
fear.").

Finally, Duncan argues that the Indiana statute contains no
requirement that the victim's fear of injury be reasonable. He
theorizes that a person could be convicted of robbery under
Indiana law if he "took property from an alektorophobe by
showing him chickens, or a pteromerhanophobe by taking
him on an airplane." Such a scheme could, he argues, fulfill
the requirement that the victim be placed in fear of physical
harm or injury while failing to comply with § 924(e)(2)(B)(i)'s
requirement that the crime involve a threat of physical force.
But in "applying the categorical approach, we are concerned
with the ordinary case, not fringe possibilities." *United States
v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010), citing *James v. United
States*, 550 U.S. 192, 208 (2007) (categorical approach does not
require that every conceivable factual offense qualify), over-
ruled on other grounds by *Samuel Johnson*, 576 U.S. —, 135 S.
Ct. 2551, and citing *United States v. Woods*, 576 F.3d 400, 404
(7th Cir. 2009). Perhaps some extraordinary set of circum-
stances could arise in which a defendant could be guilty of
robbery by placing someone in fear of bodily injury *without*
threatening physical force. As shown by Duncan's imagina-
tive suggestions, such circumstances would be outliers, to put
it mildly. See *Taylor*, 630 F.3d at 634 ("Taylor argues that there
are ways to touch someone in a rude, insolent, or angry man-
ner using a deadly weapon that do *not* necessarily involve the
use, attempted use, or threatened use of force. While there
may be hypothetical situations where this might be true (one
involving utensils at a particularly contentious Thanksgiving

dinner came up during oral argument), such possibilities are outliers.") (emphasis in original). In the ordinary case, robbery by placing a person in fear of bodily injury under Indiana law involves an explicit or implicit threat of physical force and therefore qualifies as a violent felony under § 924(e)(2)(B)(i).

The judgment of the district court is AFFIRMED.