In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-2170

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEANDRE ARMOUR,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:13-cr-00159-SEB-DKL-01 — **Sarah Evans Barker**, *Judge.*

ARGUED MAY 24, 2016 — DECIDED NOVEMBER 1, 2016

Before ROVNER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This appeal stems from an attempted bank robbery. It presents issues concerning the defendant's sentence and the definition of a "crime of violence" in 18 U.S.C. § 924(c), which provides extra punishment for use of a firearm in committing a crime of violence. We affirm the district court's judgment for the most part, but we must remand for re-sentencing on one count of conviction because

the court imposed a mandatory minimum sentence under
§ 924(c) without a jury finding on the key fact.

I.   *The Attempted Bank Robbery, Trial, and Sentence*

On the morning of June 26, 2013, appellant Deandre Ar-
mour directed two other men as they attempted to rob a bank
branch in a suburb of Indianapolis. Duryea Rogers and Xavier
Hardy hid outside the bank entrance and forced a teller into
the bank at gunpoint as she was opening the locked door. Ar-
mour sat in the bank parking lot and directed Rogers and
Hardy by radio. Armour had recruited Rogers and Hardy be-
fore the robbery. He supplied them with clothing, reserved
their hotel rooms, and orchestrated the plan.

Inside the bank, Hardy stood lookout for more arriving
employees while Rogers ordered the teller to disable the
bank's alarm and open the safe. No other bank employees
were trying to go inside the bank because they had not been
given the all-clear signal. In the meantime, the teller inside the
bank was unable to open the safe. Once Rogers realized the
bank teller could not open the safe, he told Armour over the
radio that they needed to abort the robbery. Rogers and
Hardy forced the teller to the floor, tied her with plastic "zip
ties," and stole her car to flee. All three men were arrested
quickly; two firearms were found with them.

Rogers and Hardy pled guilty. Both testified against Ar-
mour, who went to trial. The jury found Armour guilty on
three charges: conspiracy to commit armed bank robbery un-
der 18 U.S.C. § 371; aiding and abetting attempted armed
bank robbery under 18 U.S.C. § 2113(a) and (d) and § 2; and
aiding and abetting using or carrying and/or brandishing a

firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Armour was sentenced to a total of 324 months (27 years) in prison. The sentence included an 84-month (seven-year) consecutive sentence on the § 924(c) charge, which is the mandatory minimum sentence for brandishing a firearm.

On appeal, Armour does not challenge his convictions for conspiracy and aiding and abetting the attempted bank robbery. He makes three arguments. First, he argues his entire sentence was erroneously based on a finding that he was a career offender under the Sentencing Guidelines. He contends, based on *Samuel Johnson v. United States*, 576 U.S. —, 135 S. Ct. 2551 (2015), that two prior Indiana convictions for robbery should no longer qualify as "crimes of violence" under the Guidelines. (Since there are two relevant opinions called *Johnson v. United States*, we include first names.) Second, also based on *Samuel Johnson*, he contends that the § 924(c) firearm conviction must be reversed because the underlying predicate offense, attempted armed bank robbery, should not qualify as a "crime of violence." Third, if his § 924(c) conviction stands, Armour contends that the seven-year mandatory minimum § 924(c) sentence should be vacated under *Alleyne v. United States*, 570 U.S. —, 133 S. Ct. 2151 (2013), because the jury did not find that he aided and abetted the "brandishing" of the firearms during the attempted robbery. We affirm on the first two issues but agree with Armour on the last.

II. *Indiana Robbery as a "Crime of Violence"*

Armour was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines. That designation

depended on treating as crimes of violence two prior convictions for robbery under Indiana law. Based on *Samuel Johnson*, Armour argues that those Indiana robbery convictions under Ind. Code § 35-42-5-1 should not be treated as "crimes of violence" under § 4B1.1. Armour's trial counsel objected to the career offender designation and mentioned the *Samuel Johnson* case, which was then awaiting a decision by the Supreme Court.

After Armour was sentenced, the Supreme Court held in *Samuel Johnson* that the "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2), is unconstitutionally vague. 576 U.S. at —, 135 S. Ct. at 2557. We recently held that *Samuel Johnson* applies to invalidate the virtually identical residual clause of the definition of "crime of violence" in § 4B1.2(a) of the advisory Sentencing Guidelines. *United States v. Hurlburt*, — F.3d —, 2016 WL 4506717 (7th Cir. Aug. 29, 2016) (en banc). Those decisions leave intact the "elements clause" of the "crime of violence" definition under § 4B1.2(a)(1), which applies to Armour's convictions for robbery.

Armour argues that Indiana robbery does not qualify as a crime of violence under the elements clause of § 4B1.2 because it may be committed not only by using or threatening the use of force but also by "putting any person in fear." Ind. Code § 35-42-5-1.[1] He argues that "putting any person in fear" does not necessarily involve "the use, attempted use, or threatened use of physical force against the person of another."

---

[1] A comprehensive retooling of Indiana's criminal code took effect in 2014 and reclassified the severity of crimes, including robbery. Ind. Pub. L. 158–2013, § 450. The amendments are not relevant to the issues here.

In *United States v. Duncan*, 833 F.3d 751 (7th Cir. 2016), we rejected the same argument based on "putting any person in fear" as applied to the elements clause of the definition of a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). We explained in *Duncan* that the "fear" in the Indiana robbery statute is fear of bodily injury, and Indiana courts have interpreted the statute so that "robbery by placing a person in fear of bodily injury under Indiana law involves an explicit or implicit threat of physical force and therefore qualifies as a violent felony" under the statute. 833 F.3d at 758; see also *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005). The reasoning of *Duncan* extends to the career offender Guideline here. The district court properly sentenced Armour as a career offender under the Guidelines.

III. *Federal Attempted Bank Robbery as a "Crime of Violence"*

Armour was convicted of using, carrying, and/or brandishing a firearm "during and in relation to any crime of violence" in violation of 18 U.S.C. § 924(c). Armour argues that the Supreme Court's decision in *Samuel Johnson* requires us to reverse his conviction on that count because attempted armed bank robbery does not qualify as a "crime of violence" for purposes of § 924(c). We disagree because the federal crime of attempted armed bank robbery qualifies as a crime of violence under the "elements" clause of the definition, which is not unconstitutionally vague.

As noted, *Samuel Johnson* held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act (ACCA) is unconstitutionally vague. 576 U.S. at —, 135 S. Ct. at 2557. Armour was not sentenced under the ACCA enhancement under § 924(e) but was convicted under 18 U.S.C. § 924(c)(1)(A), which provides:

> Except to the extent that a greater minimum
> sentence is otherwise provided by this subsec-
> tion or by any other provision of law, any per-
> son who, during and in relation to any *crime of
> violence* … for which the person may be prose-
> cuted in a court of the United States, uses or car-
> ries a firearm, or who, in furtherance of any
> such crime, possess a firearm, shall, in addition
> to the punishment provided for such crime of
> violence or drug trafficking crime … (i) be sen-
> tenced to a term of imprisonment of not less
> than 5 years.

The definition of "crime of violence" in § 924(c) tracks closely
the ACCA definition that was struck down in part in *Samuel
Johnson*, including the elements clause and the residual clause:

> For purposes of this subsection the term "crime of
> violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or
> threatened use of physical force against the per-
> son or property of another, or
>
> (B) that by its nature, involves a substantial risk that
> physical force against the person or property of
> another may be used in the course of commit-
> ting the offense.

18 U.S.C. § 924(c)(3). The Supreme Court has not said whether
the residual clause of § 924(c)(3) is also unconstitutionally
vague, though the parallels to *Samuel Johnson* and the ACCA
definition are strong. We need not decide that question here,

however. Armour's conviction for attempted bank robbery under 18 U.S.C. § 2113(a) satisfies the elements clause of the definition of the "crime of violence."

Since Armour did not raise this issue of law in the district court, our review is for plain error, see *United States v. Olano*, 507 U.S. 725, 732–35 (1993), but on this issue the standard of review does not matter. We find no error, plain or otherwise. We assume for purposes of argument that *Samuel Johnson* extends to the residual clause in the definition of "crime of violence" in § 924(c)(3).[2] Even with that assumption, Armour's § 924(c) conviction still stands because the conviction for attempted armed bank robbery satisfies the elements clause of the definition. The crime had "as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

The federal bank robbery statute provides in relevant part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the

---

[2] The Second Circuit recently held that *Samuel Johnson* does not extend to the residual clause in § 924(c)(3). *United States v. Hill*, 832 F.3d 135, 145–50 (2d Cir. 2016). In *Hill* the Second Circuit noted that we and four other circuits have held that *Samuel Johnson* extends to the residual clause in 18 U.S.C. § 16(b), which is essentially the same as the residual clause in § 924(c)(3). *Id*. at 149, citing *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015), among other cases. The Supreme Court recently granted review in a case presenting the § 16(b) issue. *Lynch v. Dimaya*, No. 15-1498, cert. granted, Sept. 29, 2016.

care, custody, control, management, or posses-
sion of, any bank, … Shall be fined under this
title or imprisoned not more than twenty years,
or both.

    …

(d) Whoever, in committing, or in attempting to
    commit, any offense defined in subsections (a)
    and (b) of this section, assaults any person, or
    puts in jeopardy the life of any person by the use
    of a dangerous weapon or device, shall be fined
    under this title or imprisoned not more than
    twenty-five years, or both.

18 U.S.C. § 2113(a) & (d). Armour did not actually enter the
bank during the attempted robbery. He was convicted under
18 U.S.C. § 2 as a person who aided, abetted, counseled, com-
manded, induced, or procured commission of the attempted
robbery.

Armour bases his challenge on the fact that a person can
commit robbery by "intimidation," as distinct from "by force
or violence," and he argues that robbery by "intimidation"
does not qualify as a crime of violence. We disagree. In apply-
ing the categorical approach to the elements of § 2113(a) and
(d), we must presume the conviction rested on the least seri-
ous acts that could satisfy the statute. See *Curtis Johnson v.
United States*, 559 U.S. 133, 137 (2010), citing *Shepard v. United
States*, 544 U.S. 13, 26 (2005). "Intimidation means the threat
of force." *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.
1991). Intimidation exists "when a bank robber's words and
actions would cause an ordinary person to feel threatened, by
giving rise to a reasonable fear that resistance or defiance will

be met with force." *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011), citing *United States v. Thornton*, 539 F.3d 741, 748 (7th Cir. 2008); *United States v. Burnley*, 533 F.3d 901, 903 (7th Cir. 2008); *United States v. Clark*, 227 F.3d 771, 775 (7th Cir. 2000). "A defendant properly convicted of bank robbery is guilty per se of a crime of violence, because violence in the broad sense that includes a merely threatened use of force is an element of every bank robbery." *Jones*, 932 F.2d at 625. The intimidation element is satisfied "if an ordinary person would reasonably feel threatened under the circumstances." *Burnley*, 533 F.3d at 903. In *Burnley*, we explained that the defendant "does not have to make an explicit threat or even announce that he is there to rob the bank. Credibly implying that a refusal to comply with a demand for money will be met with more forceful measures is enough." *Id*.

*Curtis Johnson* teaches that the violent force that must be feared for robbery by intimidation to be a crime of violence has a low threshold — a fear of a slap in the face is enough. See *Curtis Johnson*, 559 U.S. at 143; see also *Duncan*, 833 F.3d at 754. This low threshold of violent force is necessarily satisfied in attempted bank robbery by intimidation. A bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying *Curtis Johnson* because bank robbery under § 2113(a) inherently contains a threat of violent physical force.

Armour also argues that his conviction should be vacated because robbery under § 2113(d) could be accomplished by "assault." The jury was instructed here that "assault" means "an intentional attempt to inflict, or threat to inflict, bodily injury upon another person with the apparent and present ability to cause such injury that creates in the victim a reasonable

fear or apprehension of bodily harm. An assault may be committed without actually touching, striking, or injuring the other person." Under § 2113(d), the "assault" putting the victim in fear must be "by the use of a dangerous weapon or device," so we need not worry about such hypothetical minor injuries as paper cuts or hits from painful snowballs. Cf. *Flores v. Ashcroft*, 350 F.3d 666, 670, 672 (7th Cir. 2003) (misdemeanor battery with bodily injury not a crime of domestic violence under immigration statute because such minor injuries could satisfy criminal statute). Thus, for the same reasons that robbery by intimidation under § 2113(a) qualifies as a crime of violence under § 924(c), so does robbery by assault by a dangerous weapon or device under § 2113(d). The victim's fear of bodily harm is necessarily fear of violent physical force that is inherent in armed bank robbery.

For these reasons, robbery by intimidation under § 2113(a) and robbery by assault by a dangerous weapon or device under § 2113(d) have as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus qualify as crimes of violence under § 924(c). Accord, *In re Sams*, 830 F.3d 1234, 1238 (11th Cir. 2016); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016). We affirm Armour's conviction for using or brandishing a firearm during and in relation to a "crime of violence."[3]

---

[3] Some offenders convicted of attempts to commit crimes of violence have argued that their attempts should not be deemed crimes of violence because the substantial step toward completion of the crime need not itself be a violent step. Such an argument is difficult to square with the statutory language reaching an offense that "has as an element the … attempted use … of physical force." An attempt conviction requires proof of intent to

IV. *Brandishing a Firearm*

Finally, Armour contends that his § 924(c) sentence should be vacated because the jury did not find facts necessary for the court to apply the seven-year mandatory minimum sentence for "brandishing" a firearm as required by *Alleyne v. United States*, 570 U.S. —, 133 S. Ct. 2151 (2013). Armour did not raise this issue in the district court, so we also review this issue only for "plain error." *United States v. Cureton*, 739 F.3d 1032, 1045 (7th Cir. 2014). Under this standard, we will not reverse a decision unless the defendant demonstrates "(1) [that] there was error; (2) that the error was plain; and (3) that the error affected the defendant's substantial rights." *Id.*, citing *United States v. Olano*, 507 U.S. 725, 732–35 (1993). If all three of these conditions are met, we will reverse if the error "'seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings,' that is, if the error would result in a miscarriage of justice." *Id.*, citing *Olano*, 507 U.S. at 732–35, and *United States v. Ramirez-Fuentes*, 703 F.3d 1038, 1042 (7th Cir. 2013) (internal citation omitted).

This demanding standard is met here. The jury's verdict did not find, expressly or even implicitly, that Armour was responsible for "brandishing" firearms in the robbery. The jury instructions and verdict form simply did not require the jury to distinguish among using, carrying, and brandishing a firearm. The district court plainly erred under *Alleyne* by ap-

---

carry out all elements of the crime, including, for violent offenses, threats or use of violence. Armour has not raised such an argument here, which we would view skeptically. See *Morris v. United States*, 827 F.3d 696, 698–99 (7th Cir. 2016) (Hamilton, J., concurring.)

plying to Armour the mandatory minimum seven-year con-
secutive sentence for brandishing without a jury verdict find-
ing him guilty of brandishing.

Section 924(c)(1)(A) provides that anyone who "uses or
carries a firearm" in relation to a "crime of violence" shall:

> (i)     be sentenced to a term of imprisonment
>         of not less than 5 years;
>
> (ii)    if the firearm is brandished, be sentenced
>         to a term of imprisonment of not less
>         than 7 years; and
>
> (iii)   if the firearm is discharged, be sentenced
>         to a term of imprisonment of not less
>         than 10 years.

The jury was instructed as follows on the charge under
§ 924(c)(1)(A):

> In order for you to find the Defendant guilty of
> this charge as a coconspirator, the government
> must prove each of the following elements be-
> yond a reasonable doubt:
>
> *First*: The Defendant, acting as a coconspirator,
> committed the crime of attempted armed bank
> robbery as charged in Count Two of the Indict-
> ment; and
>
> *Second*: The Defendant, acting as a coconspira-
> tor, knowingly used or carried and/or bran-
> dished a firearm during and in relation to that
> crime.

Since Armour did not enter the bank himself, the jury was also instructed under a theory of aiding and abetting under 18 U.S.C. § 2. That instruction said that Armour could be convicted under this theory only if he "knowingly and intentionally assisted another's use, carrying or brandishing of a firearm during and in relation to a crime of violence." The instruction also said that a "person who merely aids the underlying offense, to wit, attempted armed bank robbery, knowing that a firearm would be used or carried does not aid the commission of the offense charged in Count Three. The Defendant must aid in the commission of the use or carrying of a firearm to be guilty of this charge." The jury received further instruction on "using" and "carrying" a firearm, but not on "brandishing."

In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at —, 133 S. Ct. at 2155. In that case, Alleyne had been charged with several federal offenses including using or carrying a firearm in relation to a crime of violence in violation of § 924(c)(1)(A). *Id.* The jury verdict said that the jury found Alleyne used or carried a firearm during and in relation to a crime of violence but did not contain any finding that the firearm was "brandished." *Id*. at 2156. Alleyne objected to the seven-year enhancement under § 924(c) for brandishing. *Id*. The Supreme Court held that facts "that increase the mandatory minimum sentence are … elements and must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2158. The Court concluded that the term "elements" necessarily "includes not only facts that increase the ceiling, but also those that increase the floor." *Id*. There simply was no such finding here for the "brandishing" enhancement. That was an *Alleyne* error in the sentence.

Such an *Alleyne* error will not result in a miscarriage of justice where the evidence of brandishing is so strong that no reasonable jury would have convicted the defendant on a § 924(c) count but acquitted him on brandishing. *Cureton*, 739 F.3d at 1046, citing *United States v. Kirklin*, 727 F.3d 711, 719 (7th Cir. 2013). In *Cureton*, the victim testified that Cureton "'came over to [her] and put the gun up to [her] head', asked her where the money was, told her it was her last chance, and said that she would never see her daughter again." 739 F.3d at 1046. That was the only evidence supporting the § 924(c) charge. We concluded that the jury "could not have rationally convicted Cureton on the § 924(c)(1) charge yet believed he did not brandish the gun." *Id*.

There is no doubt that firearms were brandished in this attempted robbery, but this case is not like *Cureton* because of Armour's role in the attempt. Armour did not brandish a firearm himself. To apply the brandishing enhancement, the jury should have been instructed that the government needed to prove beyond a reasonable doubt that Armour knew in advance not only that Rogers and Hardy would be carrying firearms but also that they would be brandishing them. See *Rosemond v. United States*, 572 U.S. —, —, 134 S. Ct. 1240, 1251–52 (2014) (to find defendant guilty of aiding and abetting co-defendant's use of firearm in crime of violence under § 924(c), jury would need to find that defendant had advance knowledge of intended use of firearm).

In this case, the jury heard evidence that Armour told Hardy to bring his firearm, that Armour led the enterprise, and that Hardy and Rogers actually brandished firearms during the attempted robbery. We have no doubt that this evidence could easily support a finding that Armour aided and

abetted the brandishing. But in light of the high standard of proof beyond a reasonable doubt, we cannot save this sentence on the ground that any reasonable jury would have convicted Armour of aiding and abetting the actual brandishing. In light of the failure to instruct the jury on the point and to insist on a more specific verdict, we cannot overlook the *Alleyne* error here.

We must therefore vacate Armour's seven-year mandatory minimum consecutive sentence for brandishing and remand for the limited purpose of re-sentencing him on the prison portion of the sentence for aiding and abetting using or carrying a firearm during a crime of violence. There is no guarantee, though, that Armour will receive a lower sentence. The verdict still supports the five-year mandatory minimum sentence for using or carrying a firearm, and that is, after all, just the minimum. The district court may exercise its discretion to sentence above the statutory mandatory minimum. The district judge did not signal in this record, however, that the difference between the five-year and seven-year minimums would not have made a difference to the decision.

To sum up then, we AFFIRM the defendant's conviction for violation of § 924(c) but VACATE the sentence on that count and remand for re-sentencing on that count consistent with this opinion. We also AFFIRM the district court's decision to sentence defendant as a career offender under the Sentencing Guidelines.