**UNITED STATES of America**

v.

**David L. NEWTON**

**No. 16 C 6335**

United States District Court,
N.D. Illinois, Eastern Division.

Signed 04/28/2017

---

AUSA, Jason A. Yonan, United States Attorney's Office, Chicago, IL, for United States of America.

David L. Newton, Phoenix, AZ, pro se.

## MEMORANDUM OPINION AND ORDER

Elaine E. Bucklo, United States District Judge

Plaintiff David Newton ("Newton") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, I deny the motion.[1]

### I.

On June 24, 2009, Newton pleaded guilty to two counts of bank robbery under 18 U.S.C. § 2113(a), and one count of using a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii). On September 29, 2009, I sentenced Newton to 100 months' imprisonment on each of the bank robbery counts (to run concurrently), and a 120–month sentence on the 924(c)(1)(A)(iii) count (to run consecutively with the sentences on the bank robbery counts).

Newton presents a two-pronged attack on his sentence for using a firearm in furtherance of a crime of violence. First, he argues that the statute's definition of "crime of violence" is unconstitutionally vague. The relevant provision is as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).

Newton argues that § 924(c)(3)(B)—the statute's so-called "residual clause"—is unconstitutionally vague in light of *Johnson v. United States,* — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held that the similarly-worded provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was void for vagueness. Newton is correct. Indeed, shortly before the briefing on the instant motion began, the Seventh Circuit expressly held that § 924(c)(3)(B) is unconstitutionally vague. *See United States v. Cardena,* 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is ... unconstitutionally vague."); *see also United States v. Anglin,* 846 F.3d 954, 964 (7th Cir. 2017).

This does not entitle Newton to relief, however, so long as the requirements of § 924(c)(3)(A)—the statute's so-called "elements" or "force" clause—are satisfied. Hence, Newton's second argument is that federal bank robbery—the predicate offense forming the basis for his § 924(c)(1)(A)(iii) charge—is not a "crime of violence" under the elements clause. This argument is foreclosed by *United States v. Armour,* 840 F.3d 904 (7th Cir. 2016). There, the defendant argued that federal bank robbery was not a crime of

---

1. The government concedes that Newton's motion is timely since it was filed within one year of the Supreme Court's decision in *Johnson v. United States,* — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *See, e.g., Stanley v. United States,* 827 F.3d 562, 564 (7th Cir. 2016) (explaining that because *Johnson* was held to apply retroactively in *Welch v. United States,* — U.S. —, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), defendants whose cases were final prior to *Johnson* have a fresh one-year window from the date of the decision to seek relief under § 2255).

violence under § 924(c)(3)(A) because the offense could be committed by "force and violence, or by intimidation." 18 U.S.C. § 2113(a). The defendant argued that bank robbery committed solely by intimidation did not constitute a crime of violence. The Seventh Circuit rejected this contention, squarely holding that federal bank robbery has "as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus qualif[ies] as [a] crime[ ] of violence under § 924(c)." *Id.* at 909; *see also Clark v. United States*, 680 Fed.Appx. 470, 473–74 (7th Cir. 2017).

Newton argues that *Armour* "is inapt and not therefore binding." Pet'r's Reply Br. at 6. The gist of his arguments on this point, which he raises only in his reply brief, is difficult to discern. He appears to maintain that *Armour* was somehow mistaken in using the so-called "categorical approach" in determining whether bank robbery is a crime of violence under the elements clause. However, the precise nature of the alleged error is unclear. His main complaint appears to be that the court's opinion did not sufficiently explain its basis for using the categorical approach.

On the other hand, Newton argues, somewhat contradictorily, that *Armour* is unsound because it failed to address the question of whether the bank robbery statute is divisible—i.e., whether it contains separate clauses constituting distinct offenses—in which case the court should have used the "modified categorical approach." Newton seems to believe that *Armour* incorrectly assumed that, based

on the fact that the offense can be committed by "force and violence, or by intimidation," the bank robbery statute is divisible. Again, Newton fails to point to anything in the opinion suggesting that the court believed the statute to be divisible. Indeed, Newton's contention is belied by the court's use of the categorical approach, which applies to statutes that are not divisible.[2]

At all events, even if Newton's arguments had merit (and I do not believe they do), *Armour* would still be binding precedent. *See, e.g., Union Carbide Corp. v. Graver Tank & Mfg. Co.*, 345 F.2d 409, 411 (7th Cir. 1965). His § 2255 motion must therefore be denied.

## II.

For the foregoing reasons, Newton's motion for relief under § 2255 is denied. Further, because I find that Newton has not made a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability.

**ENTER ORDER.**

---

2. The Seventh Circuit has also made clear that insofar as a § 2255 motion is based on the elements clause rather than the residual clause, it is not premised on *Johnson* and thus does not trigger a new one-year limitations period within which to file a § 2255 challenge. *See, e.g., Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016). Although Newton suggests that his argument concerning the elements clause is based on *Johnson, Johnson*'s actual relevance to his argument is dubious. Thus, insofar as his argument vis-à-vis the elements clause is concerned, Newton's motion may be untimely. Given the obscurity of his arguments on this point, however, I do not dispose of his motion on this basis.