RIPPLE, Circuit Judge,
concurring.
My colleagues have given, in the majority opinion, a solid analysis of the problem before us, and I have no objection to that analysis. I write separately because, in my view, there is a less complex, but equally valid, approach to the same result. I join my colleagues in the conclusion that Mr. Enoch’s conviction for brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), must be affirmed.
Mr. Enoch’s conviction for robbery of a person having custody of property belonging to the United States, 18 U.S.C. § 2114(a), qualifies as a crime of violence under Johnson v. United States (“Johnson I”), 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), and circuit law. The majority concludes that the aggravated § 2114(a) offense, to which Mr. Enoch pleaded guilty, that required that he put a victim’s “life in jeopardy by the use of a dangerous weapon,” is plainly a crime of violence. I write separately because I conclude that a “robbery,” as it has been used across federal statutes, and specifically as it is used in § 2114(a), qualifies as a crime of violence sufficient to serve as a predicate for a § 924(c) conviction because it “has as an element of the use; attempted use or threatened use of physical force against the person or property of another,” 18 U.S.C. § 924(c)(3)(A).
In Johnson I, the Supreme Court held that a Florida battery conviction, which could be based as a matter of state law on “any intentional physical contact, no mat *583 ter how slight,” 559 U.S. at 138, 130 S.Ct. 1265 (emphasis in original) (internal quotation marks omitted), did not qualify as a crime of violence because “ ‘physical force’ ” as used in the federal statute “means violent force,” not merely uneon-sented-to contact, id. at 140, 130 S.Ct. 1265 (emphasis in original). Nevertheless, as we already have noted, the threshold that the Court drew in Johnson I “is not a high one.” United States v. Duncan, 833 F.3d 751, 754 (7th Cir. 2016).
In the time since Johnson v. United States (“Johnson II"), — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (holding the residual clause of the Armed Career Criminal Act (“ACCA”) unconstitutional), was decided, we have had many occasions to consider whether specific offenses suffice as crimes of violence under the force clause. We have considered several specific robbery offenses, both federal and state, and, to date, we have found them all to contain an element of force sufficient to support a § 924 conviction or enhancement. See, e.g., United States v. Armour, 840 F.3d 904, 907-09 (7th Cir. 2016) (federal armed bank robbery under § 2113 is a crime of violence); United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017) (Hobbs Act robbery, which can be committed by putting a person in fear, is a crime of violence); see also United States v. Chagoya-Morales, 859 F.3d 411, 421-23 (7th Cir. 2017) (Illinois aggravated robbery, like robbery, is a crime of violence under the force clause); Duncan, 833 F.3d at 755 (Indiana robbery, which can be accomplished by putting a victim “in fear” is a crime of violence under the force clause); United States v. Maxwell, 823 F.3d 1057, 1060-62 (7th Cir. 2016) (Minnesota simple robbery is a crime of violence under the force clause). We have reversed convictions or enhancements where we have found that the crime can be committed with essentially no force. See United States v. Jenkins, 849 F.3d 390, 393-94 (7th Cir. 2017) (federal kidnapping, which can be accomplished by “hold[ing] for ransom or reward or otherwise,” is not a crime of violence); United States v. Rollins, 836 F.3d 737, 742 (7th Cir. 2016) (possession of a sawed-off shotgun is not a crime of violence under the force clause).[1]
Robbery under § 2114(a), like robbery under each of the other federal statutes considered above, “has as an element the use, attempted use, or threatened use of physical force against the person or property of another.” As the above cited cases demonstrate, we have concluded without difficulty that robbery offenses, whether committed by actual physical force or intimidation, exceed the minimum force necessary to satisfy the federal statutes. First, as we stated in United States v. Armour, 840 F.3d 904, 909 (7th Cir. 2016), considering whether bank robbery by intimidation under § 2113 was a crime of violence, “[a] bank employee can reasonably believe that a robber’s demands for money to which he is not entitled will be met with violent force of the type satisfying [Johnson /] because bank robbery under § 2113(a) inherently contains a threat of violent physical force.” The same can be said here. The *584 threat of force sufficient to meet the threshold of pain established by the Supreme Court is inherent in robbery of a person having custody of the mail or other federal property to the same extent as it is in bank robbery. The snatching of or demand for property as punished by federal criminal law carries with it an implicit threat of at least this level of violence. Nothing about the robbery offense under § 2114(a) distinguishes it in any meaningful way from the other robbery offenses, federal and state, that we have considered and found sufficient.
Moreover, contrary to Mr. Enoch’s contentions, United States v. Rodriguez, 925 F.2d 1049 (7th Cir. 1991), confirms this result. In that case we considered an offense committed by ripping off a set of post office box keys that were attached to the victim postal worker’s belt loop. We noted that “[c]ourts have upheld robbery convictions when the item taken is ‘so attached to the person or his clothes as to require some force to effect its removal.’ ” Id. at 1052 (citing 2 W. LaFave & A. Scott, Jr., Substantive Criminal Law § 8.11(d)(1) at 446 (1986)). Although we used the term “rather minimal” in connection to the level of force used, it is plainly above the touching-without-consent disapproved of by the Court in Johnson I. Rodriguez does not establish that § 2114(a) is somehow a special offense requiring a lower level of force than other federal robbery offenses; it merely held, consistent with existing precedent, that the low level of force required for robbery was satisfied by the ripping away of the keys.[2]
Accordingly, I would hold that robbery under § 2114(a), like many other robbery offenses we have considered, qualifies as a crime of violence.

. The decision of the Fourth Circuit, evaluating a North Carolina robbery offense, does not assist us, in that the specifics of the state’s interpretation of its own statute put it squarely within the prohibitions of Johnson I. See United States v. Gardner, 823 F.3d 793, 803-04 (4th Cir. 2016). In Gardner, the court held that the North Carolina offense could be committed with de minimis contact, and therefore was indistinguishable from the predicate offense the Court had considered in Johnson I. See also, e.g., United States v. Bell, 840 F.3d 963, 966-67 (8th Cir. 2016) (holding that Missouri robbery did not qualify as a crime of violence under the force clause because Missouri cases had approved of convictions where the defendant had merely "bumped” or “nudged” the victim).

. The current edition of Substantive Criminal Law continues in the same vein, distinguishing robbery from larceny by the addition of violence or intimidation, and defining violence in a manner similar to that envisioned in Johnson I:
The great weight of authority ... supports the view that there is not sufficient force to constitute robbery when the thief snatches property from the owner’s grasp so suddenly that the owner cannot offer any resistance to the taking. On the other hand, when the owner, aware of an impending snatching, resists it, or when, the thief’s first attempt being ineffective to separate the owner from his property, a struggle for the property is necessary before the thief can get possession thereof, there is enough force to make the taking robbery. Taking the owner’s property by stealthily picking his pocket is not taking by force and so is not robbery; but if the pickpocket or his confederate jostles the owner, or if the owner, catching the pickpocket in the act, struggles unsuccessfully to keep possession, the pickpocket’s crime becomes robbery. To remove an article of value, attached to the owner’s person or clothing, by a sudden snatching or by stealth is not robbery unless the article in question (e.g., an earring, pin or watch) is so attached to the person or his clothes as to require some force to effect its removal.'
3 Wayne R. LaFave, Substantive Criminal Law § 20.3(d)(1) at 181-83 (2003) (footnotes omitted).