In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1253

ANTOINE HILL,

*Petitioner*,

*v.*

UNITED STATES OF AMERICA,

*Respondent.*

On Motion Seeking an Order that the District Court for the
Northern District of Illinois, Eastern Division, Entertain a
Second or Successive Motion for Collateral Review.

SUBMITTED FEBRUARY 8, 2016;
INITIAL DECISION FEBRUARY 29, 2016;
ON RECONSIDERATION — JUNE 27, 2016

Before BAUER, POSNER, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*. In 2003 Antoine Hill was convict-
ed in a federal district court of several drug offenses, see 21
U.S.C. §§ 843(b), 846, and sentenced as a career offender, ini-
tially to 360 months, which was within his guidelines range
of 360 months to life. But his sentence was reduced to 226
months when the sentencing guidelines were held in *United*

*States v. Booker*, 543 U.S. 220 (2005), not to be mandatory. See also *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).

Hill had the status of career offender because of two earlier convictions, both under Illinois law. One was attempted murder (which took the form of shooting at a car and wounding two of its occupants), in violation of what is now 720 ILCS 5/8-4(a) ("a person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that offense"). The other offense was aggravated discharge of a firearm (on that occasion he had shot at a person rather than a car), in violation of 720 ILCS 5/24-1.2(a) ("a person commits aggravated discharge of a firearm when he or she knowingly or intentionally discharges a firearm … in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person").

Both offenses were "crimes of violence" within the meaning of the federal Sentencing Guidelines, which in U.S.S.G. § 4B1.2(a)(1) define a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another"—an exact description of the two offenses that Hill had committed with a firearm. The offenses marked him as a career offender, see U.S.S.G. § 4B1.1(a)(3), raising the top of his guidelines sentencing range and thereby providing an additional ground for a long sentence.

On February 8 of this year he filed a motion in our court under 28 U.S.C. § 2244(b)(3)(A), which provides that "before

a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Hill sought our permission to file a successive motion in the district court to vacate his sentence under 28 U.S.C. § 2255(a), which so far as relates to this case entitles a federal prisoner to be released if his imprisonment violates his constitutional rights. The basis of the motion was *Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015), which held unconstitutionally vague the "residual clause" of the Armed Career Criminal Act, a catch-all provision (mirrored in U.S.S.G. § 4B1.2(a)(2)) that deems any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" a "crime of violence."

We (the same panel as in the present phase of the case) had refused in a brief order. See *Hill v. United States*, No. 16-1253 (7th Cir. Feb. 29, 2016). That might have been expected to end the case, in view of the unequivocal language of 28 U.S.C. § 2244(b)(3)(E): "the grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." But there is no bar to a court of appeals' deciding on its own initiative to rehear a case. See, e.g., *Cooper v. Woodford*, 358 F.3d 1117, 1118 (9th Cir. 2004) (en banc); *In re Byrd*, 269 F.3d 585, 585–86 (6th Cir. 2001) (en banc); *Triestman v. United States*, 124 F.3d 361, 367 (2d Cir. 1997); cf. *United States v. Holcomb*, 657 F.3d 445 (7th Cir. 2011); *United States v. Melendez*, 60 F.3d 41, 44 (2d Cir. 1995), vacated in part on other grounds, 516 U.S. 1105 (1996).

Application note 1 to U.S.S.G. § 4B1.2(a)(1) says that a "'crime of violence' include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such" crimes, and Illinois law makes the sentencing range for attempt depend on the crime that was attempted (not necessarily committed), 720 ILCS 5/8-4(c), which in this case was murder and so subjected Hill to punishment for murder even though his attempt to commit it failed. The district judge who sentenced Hill, and we the judges of the appellate panel, therefore know with certainty that Hill committed two crimes of violence and that his sentence—amplified by those crimes—for the federal drug offenses of which he was convicted was light, considering the circumstances: it was 11 years below the bottom of the applicable guidelines range (360 months). Because his sentence is proper, to extend this litigation (which began in 2002) to enable him to make a futile plea of mercy in the district court wouldn't make sense. Our February 29 denial of permission to Hill to file another collateral attack on his sentence shall therefore stand.