In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2407

KATRELL B. MORRIS,

*Applicant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent*.

On Motion for an Order Authorizing
the District Court to Entertain a Second or Successive
Motion for Collateral Review

SUBMITTED JUNE 9, 2016 — DECIDED JULY 1, 2016

Before BAUER, FLAUM, and HAMILTON, *Circuit Judges*.

PER CURIAM. Katrell Morris has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion to vacate under § 2255. Morris was sentenced as an armed career criminal under 18 U.S.C. § 924(e) and now wants to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitu-

tionally vague. The Supreme Court has made *Johnson* retroactive. *Welch v. United States*, 136 S. Ct. 1257 (2016). Morris has made a prima facie showing that he may be entitled to relief.

Morris proposes to challenge only one of his three predicate offenses: his conviction for attempted robbery in Illinois, 720 ILCS 5/8-4(a), 18-1(a) (1997). The government points out in its response that this court determined in an unpublished decision that attempted robbery is a crime of violence (the guidelines equivalent to a violent felony) under the elements clause of U.S.S.G. § 2L1.2, app. n.1(B)(iii). *United States v. Granados-Marin*, 83 F. App'x 834, 837 (7th Cir. 2003). But that decision is nonprecedential. Moreover, to determine whether an attempt offense constitutes a violent felony, a court must examine how state courts have applied the general attempt statute to the particular crime attempted. *James v. United States*, 550 U.S. 192, 197, 202–03 (2007); *United States v. Collins*, 150 F.3d 668, 671 (7th Cir. 1998) ("Therefore, we must also look to Wisconsin caselaw to see how the Wisconsin courts have interpreted the attempt statute in the context of burglary."); *United States v. Davis*, 16 F.3d 212, 217–18 (7th Cir. 1994) ("The language of the attempt statute, standing alone does not greatly advance our inquiry… . An examination of Illinois caselaw, however, makes clear that a defendant must come within 'dangerous proximity to success' to be convicted [of attempted burglary] under the attempt statute."). *Granados-Marin* lacks this analysis.

Accordingly, we **GRANT** Morris's application and **AUTHORIZE** the district court to consider his claim, along with the government's defenses. The clerk of court will **TRANSFER** the papers to the district court for filing as a § 2255 action.

HAMILTON, *Circuit Judge*, concurring. The surge in applications under 28 U.S.C. § 2244(b)(3) after *Johnson v. United States*, 135 S. Ct. 2551 (2015), is raising questions about whether to treat as violent felonies prior convictions for attempts to commit crimes that would, if completed, clearly be violent felonies under the surviving elements clause of the definition in 18 U.S.C. § 924(e)(2)(B). I have voted to grant this application because I am not yet certain it should be denied. A fair decision on its merits requires more time and attention than the 30 days allowed to us by statute, and an erroneous denial would essentially be final. But I am skeptical about the applicant's prospects for relief. A brief explanation of my thinking may help the parties develop the issues in this and similar cases that will proceed in district courts.[1]

Attempt requires intent to commit the completed crime plus a substantial step toward its completion. We are granting Mr. Morris's application on the theory that it is possible to commit attempted robbery in Illinois without having actually used or threatened to use physical force against another person or his property. See, e.g., *People v. Terrell*, 459 N.E.2d 1337, 1341 (Ill. 1984) (defendant takes substantial step toward robbery when he possesses materials necessary to carry out crime at or near the place planned for its commission). The key point

---

[1] Most earlier litigation about attempt offenses under the Armed Career Criminal Act has involved the residual clause that was struck down in *Johnson*. See *James v. United States*, 550 U.S. 192, 197 (2007) (attempted burglary under Florida law was violent felony under residual clause); *United States v. Collins*, 150 F.3d 668, 671 (7th Cir. 1998) (same under Wisconsin law); *United States v. Davis*, 16 F.3d 212 (7th Cir. 1994) (same under Illinois law). Burglary has always posed challenges under ACCA because even the completed offense has not qualified as a violent felony under the elements clause.

in this theory is that the substantial step toward the complete crime need not itself be a violent step. The argument in favor of Morris's application is that actual, attempted, or threatened use of physical force is thus not an essential element of the attempt crime. See 18 U.S.C. § 924(e)(2)(B).

The government has argued in opposing this application that a conviction for attempting to commit a crime that, if completed, would be a violent felony should necessarily qualify as a violent felony under the elements clause of the definition. Even though the substantial step(s) may have fallen short of actual or threatened physical force, the criminal has, by definition, attempted to use or threaten physical force because he has attempted to commit a crime that would be violent if completed. That position fits comfortably within the language of the elements clause of the definition. It surely fits within the intended scope of the Armed Career Criminal Act.

Consider, for example, a person who attempts murder by constructing an explosive device intended to destroy a federal building, or by waiting with a loaded sniper rifle for the intended target of a murder to come within range. Neither crime involves actual use or threats of physical force, but in both the criminal intends to use such force and takes substantial steps toward doing so. That seems to me as if an element of the attempt crime is the attempted use of physical force.

As for attempted robbery, consider our decision in *United States v. Muratovic*, 719 F.3d 809, 816 (7th Cir. 2013), where the conspirators planned to rob a shipment of illegal drug money. The conspirators planned the robbery carefully, conducted surveillance and collected weapons, duct tape, and disguises, but did not actually come to the point of threatening the target

of the robbery with physical force. We had no difficulty finding a factual basis for the attempt charge. I suspect the Congress that enacted ACCA would have wanted the courts to treat such attempts at violent felonies as violent felonies under the Act.

As a matter of statutory interpretation, an attempt to commit a crime should be treated as an attempt to carry out acts that satisfy *each element of the completed crime*. That's what is required, after all, to prove an attempt offense. If the completed crime has as an element the actual use, attempted use, or threatened use of physical force against the person or property of another, then attempt to commit the crime *necessarily* includes an attempt to use or to threaten use of physical force against the person or property of another. The alternative view would seem to require that we treat as a non-violent felony even a conviction for attempted murder. Imagine the explosive device or waiting sniper described above. Even if the particular attempt involved firing a shot that missed, the alternative view would find no violent felony because violence is not an element of the attempt crime.

Or so at least the government has argued here, though it cites only non-precedential decisions of this and other circuits. Because of the 30-day time limit for our decision under 28 U.S.C. § 2244(b)(3) and the low standard for granting an application based on "a prima facie showing," I think the best course for now, in this and similar cases where application of ACCA depends on an attempt conviction, is to grant the application to allow further development of the attempt issue in the district courts.