In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-3239

MICHAEL HILL,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 16 C 50136 — **Philip G. Reinhard**, *Judge.*

ARGUED NOVEMBER 14, 2017 — DECIDED DECEMBER 13, 2017

Before BAUER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Following his convictions for drug and firearms crimes, Michael Hill was sentenced to 276 months' imprisonment as an armed career criminal. See 18 U.S.C. §924(e), the Armed Career Criminal Act or ACCA. He contends in this successive collateral attack (which we authorized under 28 U.S.C. §§ 2244(b), 2255(h)) that one of his earlier convictions does not qualify as a "violent felony" and that the recidivist enhancement therefore is improper. The

United States could have invoked a number of procedural defenses, see *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016), but has not developed any of them. As the defenses are not jurisdictional we proceed to the merits. *Wood v. Milyard*, 566 U.S. 463 (2012); *Douglas v. United States*, 858 F.3d 1069 (7th Cir. 2017).

The conviction in question is for attempted murder, in violation of Illinois law. Hill observes that §924(e)(2)(B)(i), the ACCA's elements clause, labels as a "violent felony" a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another". Yet it is possible to attempt murder without using, attempting, or threatening physical force. The crime of attempt in Illinois consists in setting out to commit a crime and taking a substantial step toward accomplishing that end. 720 ILCS 5/8-4(a). So one could be convicted of attempted murder for planning the assassination of a public official and buying a rifle to be used in that endeavor. Buying a weapon does not itself use, attempt, or threaten physical force; neither does drawing up assassination plans. See, e.g., *People v. Voit*, 355 Ill. App. 3d 1015 (2004) (providing money and a car key to a hit man constitutes attempted murder even though violence did not follow). It follows, Hill maintains, that attempts are not violent felonies under the elements clauses of §924(e) and similar federal recidivist laws, such as 18 U.S.C. §16 and 18 U.S.C. §924(c).

At least two courts of appeals have held otherwise. See *United States v. Fogg*, 836 F.3d 951 (8th Cir. 2016) (attempted drive-by shooting is a violent felony); *United States v. Mansur*, 375 Fed. App'x 458, 463–64 (6th Cir. 2010) (attempted robbery is a violent felony). One additional circuit appears to

agree. *United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir. 2006) (an attempt to commit any crime treated as a violent felony in the listing of §924(e)(2)(B)(ii) is itself a violent felony). Hill does not point to any circuit that has accepted his argument.

In this circuit, *United States v. Armour*, 840 F.3d 904, 907–09 (7th Cir. 2016), holds that attempted bank robbery is a crime of violence under §924(c), and *Hill v. United States*, 827 F.3d 560 (7th Cir. 2016), that attempted murder is a crime of violence under U.S.S.G. §4B1.2(a)(1), the career-offender Guideline that closely parallels §924(e). Both *Armour* and *Hill* are distinguishable. *Armour* observed that the federal offense of attempted bank robbery requires at least the use of "intimidation," a form of threatened violence, and *Hill* relied on Application Note 1 to the Guideline. Application Note 1 states that a crime of violence "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such" crimes. It is possible, therefore, that the Sentencing Commission meant to differentiate §4B1.2(a)(1) from §924(e)(2)(B)(i) despite the fact that the provisions' texts are all but identical. See *United States v. Raupp*, 677 F.3d 756 (7th Cir. 2012) (inchoate offenses can be crimes of violence under the Guidelines whether or not they are covered by statutory elements clauses). But perhaps the Commission thinks that the Guideline and statutes should be treated alike and tried to ward off unnecessary disputes about the right answer. (Our opinion in *United States v. Rollins*, 836 F.3d 737 (7th Cir. 2016) (en banc), disapproved *Raupp*'s reliance on an Application Note in the Sentencing Guidelines as a disambiguating tool; the same criticism would apply to *Hill.* We said that this was necessary to implement *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (en banc), which held part of the

Guidelines to be unconstitutionally vague. But *Beckles v. United States*, 137 S. Ct. 886 (2017), has disapproved *Hurlburt*. Elimination of vagueness challenges to the Guidelines undermines *Rollins* as well as *Hurlburt*, so we treat *Raupp* and *Hill* as having unimpaired precedential force.)

Concurring in *Morris v. United States*, 827 F.3d 696, 698–99 (7th Cir. 2016), Judge Hamilton concluded that an attempt to commit a crime should be treated as an attempt to commit every element of that crime—and since under §924(e)(2)(B)(i) the fact that a statute contains as an element attempt at physical force suffices to label the crime itself a violent felony, it follows that an attempt to commit a violent felony is itself a violent felony. Judge Hamilton recognized that the crime of attempt requires only a substantial step toward completion, but he thought it sufficient that one must *intend* to commit every element of the completed crime in order to be guilty of attempt. When the intent element of the attempt offense includes intent to commit violence against the person of another, Judge Hamilton concluded, it makes sense to say that the attempt crime itself includes violence as an element—and we know from the text of §924(e)(2)(B)(i), which says that the attempted use of physical force against the person of another suffices, that force need not be used.

Given the statutory specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime, we now adopt Judge Hamilton's analysis as the law of the circuit. When a substantive offense would be a violent felony under §924(e) and similar statutes, an attempt to commit that offense also is a violent felony.

Hill insists, however, that even the *completed* crime of murder in Illinois, under 720 ILCS 5/9-1(a)(1), is not a violent felony under the federal elements clause. It is possible to commit murder in Illinois by administering poison, or exposing a baby to freezing conditions, or placing a hapless person in danger (for example, in the middle of a busy highway) and then standing aside while the risk comes to pass. See, e.g., *People v. Banks*, 161 Ill. 2d 119 (1994); *People v. Hanei*, 81 Ill. App. 3d 690 (1980). Hill tells us that none of these means of committing murder entails "the use, attempted use, or threatened use of physical force against the person of another".

This line of argument, however, disregards *Johnson v. United States*, 559 U.S. 133, 140 (2010), where the Court held that "physical force" means "force capable of causing physical pain or injury to another person". All of our examples—poison, leaving a baby outside in the winter, and placing a trussed-up or unconscious person in the middle of a highway—involve "force" as a physicist uses that word: the wrongdoer applies energy to bring about an effect on the would-be victim. None of these examples involves hitting the victim with brass knuckles, but all entail force that is "capable of causing physical pain or injury to another person". Cf. *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014). No more is required for classification under the elements clauses of federal recidivist statutes.

The Supreme Court's opinion in *Johnson*, 559 U.S. at 140–41, refers to murder as the paradigm of an offense that comes within the elements clause of §924(e). We stated in *United States v. Waters*, 823 F.3d 1062, 1066 (7th Cir. 2016), that administering poison or withholding medicine entails

the use of force; that's equally true of the many other ways one can commit murder. Accord, *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017).

As for the felony-murder doctrine, which Hill says takes the crime of murder outside §924(e): The proper treatment of felony murder is the same as that of attempted murder. As long as the completed crime of murder has as an element the actual or attempted use of violence against the person of another, a state rule making a person accountable for the substantive crime must be treated as equivalent to the substantive crime itself.

Both murder and attempted murder in Illinois are categorically violent felonies under §924(e).

AFFIRMED