NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued September 26, 2018
Decided October 18, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 16-4111

| | |
|---|---|
| JOHNNY J. DESILVA, JR., *Petitioner-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:16-cv-04134-JBM |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Johnny DeSilva was convicted of using or carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). The crime of violence supporting that conviction was attempting to commit an assault with a dangerous weapon in furtherance of racketeering activity in violation of 18 U.S.C. § 1959(a)(6). DeSilva subsequently filed a motion to vacate his sentence under 28 U.S.C. § 2255.

DeSilva argues that a federal attempt offense has two elements: that the defendant acted with specific intent to commit the underlying offense; and that the defendant took a substantial step toward its completion. Because neither of those elements require the use, attempted use, or threatened use of physical force against the

person of another, DeSilva asserts that the attempt offense cannot be considered a crime of violence.

The district court denied the motion, reasoning that "the Illinois offense of aggravated battery with a firearm has as an element the use of force—discharging a firearm—and attempting to commit that crime by definition—not assumption—means that a firearm was discharged, thereby using physical force and satisfying the definition of 'crime of violence.'" The government does not defend that rationale on appeal, and the parties agree that the attempt offense does not require the government to prove the discharge of a firearm. The question before us, then, is whether the attempt offense in this case can nevertheless constitute a crime of violence under § 924(c).

As both parties acknowledge, we have addressed this precise issue since this appeal was filed, and decided the issue adverse to DeSilva's position here. In *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017), we held that an attempt offense can in fact constitute a crime of violence where those two factors are present—the requirement to prove an intent to commit an offense and a substantial step towards completion of the offense. We reasoned that one must intend to commit every element of the completed crime in order to be guilty of attempt, and where the intent element of the attempt offense includes an intent to commit violence against the person of another, the attempt offense includes violence as an element. *Id.* Accordingly, we concluded that "[w]hen a substantive offense would constitute a violent felony … , an attempt to commit that offense also is a violent felony." *Id.* We reiterated that holding in *United States v. D.D.B.*, 903 F.3d 684 (7th Cir. 2018), recognizing that an attempt to commit a violent offense is itself a violent offense for purposes of such statutes as long as the conviction of the attempt offense requires *both* a determination of a substantial step towards completion and an intent to commit the violent offense. DeSilva concedes that the attempt offense in this case required both a determination of a substantial step towards completion and an intent to commit the violent offense. Accordingly, under *Hill* and *D.D.B.*, the attempt offense was properly considered a crime of violence under § 924(c)(3)(A).

The judgment of the district court is AFFIRMED.