NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 15, 2018
Decided December 13, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1199

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>DEMONE RULE,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 16 CR 420<br><br>John Robert Blakey,<br>    *Judge.* |

**O R D E R**

Demone Rule was arrested after fleeing from a traffic stop; he had a handgun tucked into his waistband and later was convicted of being a felon in possession. The district court determined that he was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had three qualifying convictions, including one for attempted murder in Illinois. He was sentenced accordingly but appeals that sentence, contending that his Illinois attempted murder conviction is not a categorical violent felony. Binding precedent controls this appeal, and so we affirm the judgment of the district court.

Police officers pulled over Rule's car because he used an alley as a throughway. As officers approached his vehicle on foot, he floored the gas pedal to evade them. He ran a stop sign, turned sharply, then stopped his car in the middle of the street and, leaving the keys in the ignition, fled on foot. The officers caught up to and arrested him; they found the handgun stuck in his waistband.

Rule was convicted of unlawful possession of a firearm by a felon. The district court determined, over Rule's objection, that the ACCA required that Rule be sentenced to a minimum of 15 years in prison because of his three qualifying prior convictions, including the one for Illinois attempted murder. The district court imposed a sentence of 235 months' imprisonment, within the Guidelines range of 235 to 293 months.

Rule's sole contention on appeal is that Illinois attempted murder is not categorically a "violent felony" under the ACCA's "elements" clause, so his Guidelines range was miscalculated. *See Samuel Johnson v. United States*, 135 S.Ct. 2551 (2015) (striking down the "residual" clause and requiring any violent felony to qualify under the elements or enumerated-offenses clauses); *see Mathis v. United States*, 136 S. Ct. 2243 (2016) (requiring use of the categorical approach for crimes with indivisible elements). A "violent felony" under the elements clause "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "[T]he phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010).

We held that Illinois attempted murder is indeed a crime of violence under the ACCA in *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017) (*reh'g denied, en banc rev denied*, Feb. 12, 2018). In *Hill*, we adopted the reasoning of Judge Hamilton's concurrence in *Morris v. United States*, 827 F.3d 696 (7th Cir. 2016). There, he noted that to prove attempt of a crime, it is necessary to show that each element of that crime was attempted. *Id*. at 699. Because "the intent element of the attempt offense includes intent to commit violence against the person of another," "the attempt crime itself includes violence as an element." *Hill* at 719, citing *Morris* at 698–699 (Hamilton J. concurring).

Murder in Illinois is a "violent felony" under *Curtis Johnson*. Because physical force is an element of Illinois murder, to attempt Illinois murder is to specifically intend to use physical force against another. 720 ILCS 5/9-1; *Hill* at 719. And because the element of attempted use of physical force makes a felony violent under the ACCA, attempted Illinois murder is also a violent felony. 18 U.S.C. § 924(e)(2)(B)(i); *Hill* at 719.

We decline to overrule *Hill*. Rule, though, has preserved his argument for further review. Accordingly, we AFFIRM the judgment of the district court.