In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2088

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ALBERT E. DOWTHARD,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:16-cr-50061-1 — **Philip G. Reinhard**, *Judge*.

ARGUED DECEMBER 17, 2019 — DECIDED JANUARY 23, 2020

Before RIPPLE, SYKES, and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Albert Dowthard pleaded guilty to
being a felon in possession of a firearm. 18 U.S.C. § 922(g). Be-
cause of his prior state convictions, he was sentenced under
the Armed Career Criminal Act (ACCA) to 186 months in
prison. *See id.* § 924(e). Although he raised no such argument
in the district court, he now contends that *Rehaif v.
United States*, 139 S. Ct. 2191 (2019), invalidates his plea be-
cause he was not informed that knowledge of his status as a

previously convicted felon was an element of his § 922(g) charge. Alternatively, he disputes his classification as an Armed Career Criminal, arguing that two of the four prior offenses used to sentence him do not qualify as violent felonies.

Dowthard has the burden of showing that a misunderstanding of the elements of his offense affected his substantial rights, yet he does not even *assert* that he would not have pleaded guilty if he had properly understood the elements. Thus, he has failed to carry that burden. And his prior Illinois conviction for attempted aggravated domestic battery has as an element the attempted use of physical force and therefore counts as a "violent felony" under the ACCA. With that conviction and the two he does not challenge, he has the three necessary predicates for an enhanced sentenced under § 924(e). Accordingly, we affirm both his conviction and his sentence.

**I**

One night in November 2018, Dowthard fired a revolver from an open car window. No one was hit. But police responded to the shots, searched the car, and recovered the gun—which Dowthard's prior felony convictions barred him from having. The United States charged him with possessing a firearm after "previously having been convicted of a crime punishable by imprisonment for a term exceeding one year" in violation of 18 U.S.C. § 922(g)(1) and, in his case, § 924(e). Although the indictment accused Dowthard of *being* a felon who knowingly possessed a gun, it said nothing about his knowledge that any of his prior crimes were felonies.

Dowthard eventually pleaded guilty under a written agreement admitting that he "possessed the .38 revolver" and

"had previously been convicted of a crime punishable by imprisonment for a term exceeding one year." He stipulated that he had several prior state convictions that the government believed qualified him for a 15-year minimum sentence under § 924(e). He reserved the right to object on that score and appeal "the validity of this plea and the sentence imposed."

Before accepting Dowthard's plea, the district court informed him that a conviction would require proof (or an admission) that he had first been convicted of a crime punishable by more than one year of imprisonment and then had knowingly possessed a firearm, and also that the firearm had traveled in interstate commerce. After stating that he understood the charge and plea agreement, Dowthard admitted the allegations. The court accepted his plea.

Dowthard's plea agreement and presentence investigation report both took special note of four of his prior felony convictions. The first, and most important for our purposes, was a 2004 conviction for possession with intent to deliver a controlled substance, 720 ILCS 570/407(b)(2), for which Dowthard received a 6-year prison term. He served just over two years in prison on that sentence before being released on parole. The other felony convictions central to this appeal were for (1) aggravated battery involving bodily harm, 720 ILCS 5/15-4(b)(6); (2) attempted aggravated domestic battery involving strangulation under 720 ILCS 5/12-3.3(a-5) and 720 ILCS 5/8-4(a); and (3) residential burglary, 720 ILCS 5/19-3. He received a 180-day sentence for each of these convictions, though Illinois law classifies these offenses as "Class 1" or "Class 2" felonies, punishable by terms of imprisonment exceeding one year. *See* 730 ILCS 5/5-4.5-30, 5/5-4.5-35. The probation office concluded that the 2004 controlled-substance

conviction qualified as a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A), that the residential burglary and the aggravated domestic abuse assault convictions were both violent felonies under § 924(e)(2)(B), and that—because he had at least three qualifying predicate offenses—Dowthard was eligible for an enhanced sentence under the ACCA. It did not initially flag the aggravated battery conviction as a qualifying predicate.

Dowthard disputed the classification of the two violent felonies identified by probation. He argued that an Illinois attempt to commit a force-based crime need not involve "the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(e)(2)(B)(i); his attempt conviction, he contended, required only a "substantial step" toward completing the crime, and that step could be divorced from the contemplated application of physical force. Moreover, he argued that his intended offense, aggravated domestic battery, did not have force as an element. The government countered that Dowthard's conviction was for attempting aggravated domestic battery under a subsection requiring strangulation of the victim—in a word, force—and that his reading of the Illinois attempt statute was foreclosed by *Hill v. United States*, 877 F.3d 717 (7th Cir. 2017).

As for Illinois's residential burglary statute, Dowthard argued that it defined "burglary" more broadly than federal law because it applied to a "dwelling place," which might include locations other than buildings or structures. The government responded that precedent also foreclosed this theory, namely, *Smith v. United States*, 877 F.3d 720 (7th Cir. 2017).

At the sentencing hearing, Dowthard acknowledged that he had read and understood the PSR and stated that he had

no objections to any of the facts in it. The district court ruled that all *four* of the putative predicates—Dowthard's drug crime, aggravated battery involving bodily harm, attempted aggravated domestic battery by strangulation, and residential burglary—counted under § 924(e). After granting Dowthard a 3-level decrease in offense level for timely accepting responsibility, *see* U.S.S.G. § 3E1.1, the court sentenced him to 186 months' imprisonment—within his Guidelines range and well above the 10-year ceiling that § 924(a)(2) would furnish if the ACCA had not applied.

Dowthard filed a notice of appeal. Before briefing, the Supreme Court issued *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which changed the appellate courts' understanding of the elements of an offense under §§ 922(g) and 924(a). *Rehaif* holds that, to secure a conviction under these sections, the government must prove that a defendant knew he belonged to a category of persons barred from possessing a firearm (at least for felons and those illegally in the United States). *Id*. at 2200. Dowthard now challenges both his conviction and his sentence.

## II

### A. Conviction

Dowthard asks us to vacate his conviction because, under *Rehaif*, he could not properly be convicted without the government establishing that he knew, at the time he possessed the gun, that he had "been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). He first contends that his indictment is invalid for omitting this scienter requirement, but he has waived any argument he could make on that front. The

omission of an element from an indictment is not a jurisdictional defect, *United States v. Cotton*, 535 U.S. 625, 631 (2002), and his guilty plea waived his right to assert that the indictment failed to state an offense. *United States v. Wheeler*, 857 F.3d 742, 744 (7th Cir. 2017). Dowthard has not waived his opportunity to seek to withdraw his plea, though. *Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)). Indeed, the plea agreement expressly reserved the right to appeal the "validity" of his plea. Still, because he did not move to withdraw his plea in the district court, he has forfeited this argument, so he rightly concedes that our review of his request is for plain error only. *See United States v. Novak*, 841 F.3d 721, 727 (7th Cir. 2016).

On plain-error review, Dowthard must show (1) an error (2) that is plain today, (3) that affected his substantial rights and (4) seriously affected the fairness, integrity, or public reputation of the proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Williams*, No. 19-1358, __ F.3d __, 2020 WL 111264, at *2 (7th Cir. Jan. 10, 2020). The parties agree that in light of *Rehaif* the first two prongs are met. As for the third prong, we recently concluded that the burden of persuasion rests on the defendant seeking to withdraw his plea based on *Rehaif* to show that there is "a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Williams*, 2020 WL 111264, at *3.[1]

---

[1] The Supreme Court based its holding in *Rehaif* in large part on 18 U.S.C. § 924(a)(2), which provides a maximum 10-year sentence for one who "knowingly violates" § 922(g). 139 S. Ct. at 2194. Dowthard, though, was not charged and convicted under § 924(a), but under § 924(e), which has no express scienter requirement, "knowingly" or otherwise. We do not

Dowthard, however, has never asserted—in his briefs or during oral argument—that he would have insisted on going to trial (or held out for a better deal) if he had been aware that knowledge of his status as a felon was an element of his charge. He suggests only that *Rehaif* would have caused him to consider more closely "what effect … prior precedent regarding stipulations to certain evidence bear upon this issue." This is not enough to carry his burden.

Although the record does not establish definitively whether Dowthard knew of his felon status at the time he possessed the firearm, he has offered us no reason to believe he might not have. He previously was sentenced to and served more than a year in prison on his drug conviction. This time in prison would severely hamper an assertion that he was ignorant of the fact that this crime was punishable by more than a year of imprisonment. He, thus, faces an "uphill battle" to show that a *Rehaif* error affected his substantial rights. *Williams*, 2020 WL 111264, at *4. Beyond that one conviction, the sheer number of his other convictions, which included four crimes serious enough to be potential predicates under the ACCA and otherwise led to a criminal history category of V, would further impair an ignorance argument. *Cf. United States v. Burghardt*, 939 F.3d 397, 405 n.4 (1st Cir. 2019) (noting defendant's criminal history category of VI tended to negate inference that defendant was ignorant of the potential sentence he faced for his convictions). Plus, the district court reduced his Guidelines range for his timely acceptance of responsibility by entering his plea. We see nothing in the record to imply

---

decide today whether *Rehaif*'s holding extends to § 924(e) and instead accept the government's concession of error for the purposes of this appeal.

that *Rehaif* offered anything to Dowthard that would have prompted him to risk a longer sentence by going to trial. *See Williams*, 2020 WL 111264, at *4; *United States v. Parker*, 368 F.3d 963, 969 (7th Cir. 2004). Thus, he has not demonstrated that the *Rehaif* error affected his substantial rights or the integrity of the proceedings.

**B. Armed Career Criminal Classification**

Dowthard also challenges his classification (and enhanced sentence) under the ACCA, arguing that attempted aggravated domestic battery by strangulation and residential burglary in Illinois do not qualify as violent felonies. A "violent felony" under the ACCA is a crime that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (called the "elements" clause), or (2) "is burglary, arson, or extortion" or "involves use of explosives," (the "enumerated" clause). 18 U.S.C. § 924(e)(2)(B). Whether a given conviction is a "violent felony" under § 924(e) is examined de novo under a "categorical approach," focusing on the elements of the crimes rather than on the underlying conduct. *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016); *United States v. Ker Yang*, 799 F.3d 750, 752 (7th Cir. 2015).

To warrant an enhanced sentence under § 924(e), Dowthard must have three convictions that are each either a violent felony or a serious drug offense. Dowthard concedes that the district court correctly found two qualifying convictions: his controlled substance conviction is a "serious drug offense," and his aggravated battery conviction has the use of physical force as an element, so it is a violent felony. In order for us to reverse his sentence, then, he must show that the district court erred in classifying both of the remaining two

predicate convictions. He cannot. His aggravated domestic battery conviction qualifies under the elements clause. We therefore need not address his new argument on appeal that Illinois residential burglary does not qualify under the enumerated clause because Illinois may not require proof of unlawful entry as an element of the offense. *See United States v. Glispie*, 943 F.3d 358 (7th Cir. 2019) (certifying question to Illinois Supreme Court).

To start, Dowthard no longer disputes that aggravated domestic battery by strangulation is itself a "violent felony." This concession is well-taken. *See, e.g.*, *United States v. Waters*, 823 F.3d 1062, 1064 (7th Cir. 2016) (collecting cases for proposition that all bodily-harm variants of Illinois domestic battery have force as an element). The Supreme Court defines "physical force" as "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *see also Stokeling v. United States*, 139 S. Ct. 544, 554 (2019). The statute underlying Dowthard's attempt conviction explains that aggravated domestic battery occurs when  a person, "in committing a domestic battery, strangles another individual" and further defines strangling as "intentionally impeding the normal breathing or circulation of the blood of an individual by applying pressure on the throat or neck of that individual or by blocking the nose or mouth of that individual." 720 ILCS 5/12-3.3(a-5). This application of pressure or blocking of airways necessarily requires force capable of causing physical pain or injury. *See United States v. Mancillas*, 880 F.3d 297, 304 (7th Cir. 2018) (holding similarly worded Indiana offense is a crime of violence under elements clause of U.S.S.G. § 4B1.2).

Dowthard nonetheless asserts that his conviction for *attempting* aggravated domestic battery does not count as a violent felony because Illinois's attempt statute does not mention "force." And, in his view, a person who unsuccessfully "attempts" to carry out a crime that would ultimately involve the use of force may do so without taking any step that could independently be characterized as an "attempted use, or threatened use of physical force" under § 924(e). Illinois defines an attempt as occurring "when, *with intent to commit a specific offense*, [a defendant] does any act that constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8-4(a) (emphasis added).

As Dowthard acknowledges, we have already addressed this argument in *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017). We held that an Illinois attempt to commit a crime that *would* involve force necessarily involves an attempt to use force under § 924(e). Still, Dowthard suggests that our ruling in *United States v. D.D.B.*, 903 F.3d 684 (7th Cir. 2018), warrants revisiting *Hill*. In *D.D.B.*, we determined that an Indiana attempt (as distinct from an Illinois attempt) to commit a forcible felony did not qualify as violent crime in the context of a juvenile proceeding, because Indiana does not require a defendant to have specific intent to complete each element of the attempted crime. *Id.* at 691. The lack of a specific-intent element meant that Indiana's attempt statute, unlike Illinois's, diverges from the federal-law understanding of an "attempt" to use force. In *D.D.B.*, we expressly distinguished *Hill* on that ground, *see id.* at 690–91, so nothing about the decision calls *Hill* into question. Dowthard articulates no other ground for overruling *Hill*. The district court, thus, properly determined that Dowthard's attempted aggravated battery conviction

was his third predicate offense, and so he was subject to an enhanced sentence under 18 U.S.C. § 924(e).

The judgment of the district court is AFFIRMED.