In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-2354

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID C. HOGUE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 17-CR-30016 — **Nancy J. Rosenstengel**, *Chief Judge*.

SUBMITTED APRIL 13, 2020 — DECIDED MAY 24, 2021

Before SYKES, *Chief Judge*, and HAMILTON and ST. EVE, *Circuit Judges*.

SYKES, *Chief Judge*. A grand jury charged David Hogue with receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). As a condition of his pretrial release, he stipulated to the installation of special monitoring software on his computer. The software caught him downloading child pornography again; it also detected his repeated efforts

to delete and wipe the downloaded files from his hard drive to cover his tracks.

The grand jury issued a superseding indictment charging Hogue with three crimes: the original charge of receiving child pornography; a second count of receiving child pornography for the downloads while on pretrial release; and destruction of evidence with intent to obstruct an FBI investigation, 18 U.S.C. § 1519. The crime of receiving child pornography is punishable by a minimum of 5 years and a maximum of 20 years in prison. *Id.* § 2252A(b)(1). On Count 2, however, the indictment added a sentencing enhancement under 18 U.S.C. § 3147(1), which requires a consecutive term of up to 10 years "in addition to the sentence prescribed for the offense" for a crime committed while on pretrial release.

Hogue pleaded guilty to all three counts. The district judge sentenced him to 20 years in prison, well below the advisory range under the Sentencing Guidelines. Hogue now seeks to unwind his guilty plea to Count 2 based on a misstatement by the judge at the change-of-plea hearing about the effect of the § 3147(1) enhancement. He also argues that the judge failed to fully advise him of the nature of the offense and failed to ensure an adequate factual basis for the plea.

These arguments are new on appeal, so our review is limited to correcting plain error. Here, plain-error review requires Hogue to establish *both* a clear or obvious error *and* "a reasonable probability that, but for the error, he would not have entered the [guilty] plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). He has not carried this burden. Although the judge mistakenly stated the

maximum penalty on Count 2 during the plea colloquy, Hogue has not even asserted—much less *established*—that he would not have pleaded guilty but for this error. And the record confirms his understanding of the offense and an adequate factual basis for the plea.

Finally, Hogue challenges his sentence on procedural grounds, arguing that the judge improperly relied on an investigator's testimony about his risk of committing a sex offense against a child. We find no error and affirm the judgment across the board.

## I. Background

In October 2015 the FBI opened an investigation to identify persons sharing and receiving child pornography on the peer-to-peer file-sharing network Gnutella. An FBI task force in the Southern District of Illinois eventually discovered that an IP address associated with David Hogue had downloaded 16 files of child pornography from the network. In September 2016 agents executed a search warrant at Hogue's home in Madison County and seized several electronic devices. Forensic analysis of Hogue's desktop computer revealed numerous images and videos containing child pornography and depicting children ranging in age from infancy to about 12 years old.

Patrick Parker, a deputy sheriff in nearby Calhoun County who was assigned to the FBI task force, interviewed Hogue after the search. Hogue admitted that he used the software application LimeZilla to download child pornography from the Gnutella network. He acknowledged that he had been downloading child pornography for several years. After the interview Hogue repeatedly contacted Deputy

Parker by phone to discuss the investigation and his addiction to child pornography.

In February 2017 a grand jury indicted Hogue for receiving child pornography in violation of § 2252A(a)(2)(A). He was released on bond in March on condition that monitoring software be installed on all of his electronic devices with Internet access.

Two months later the monitoring software revealed that Hogue had again used LimeZilla to download and view child pornography. It also showed that Hogue repeatedly ran a computer program to erase his hard drive in an effort to cover up his new crimes. Agents seized Hogue's computer, and a forensic examination confirmed what the monitoring software had shown. The forensic review revealed multiple videos containing child pornography. Hogue told Deputy Parker that he was sorry and that he had tried to overcome his child-pornography addiction but had relapsed.

In February 2018 the grand jury issued a superseding indictment charging Hogue with two counts of receiving child pornography—the original charge from 2016 and a second count for the downloads detected by the monitoring software in 2017. Because Hogue committed the second offense while on pretrial release, Count 2 included a sentencing enhancement under § 3147(1), which adds a mandatory consecutive prison term of up to 10 years to the underlying penalty for any crime committed while on pretrial release. The superseding indictment also charged a third count for destruction or alteration of records or documents with intent to obstruct the FBI's investigation. § 1519.

Hogue pleaded guilty to all three crimes. In a written stipulation of facts, he admitted that he knowingly down-loaded and viewed child pornography on the dates charged in the superseding indictment—the date in 2016 as originally charged and also on the date in 2017 while he was on pretri-al release. He also admitted that while on release, he had deleted and wiped multiple files from his hard drive.

At the change-of-plea hearing, Hogue confirmed that he had read both the original and superseding indictments and had fully discussed the charges with his attorney. The judge confirmed that Hogue understood each of the rights he was waiving. She then asked the prosecutor to state the elements of the crimes and the applicable penalties. For Count 1 the prosecutor correctly stated the applicable penalty: a mini-mum of 5 years and a maximum of 20 years in prison. § 2252A(b)(1). He also correctly recited the maximum penal-ty for Count 3: 20 years in prison. § 1519.

As for Count 2, the prosecutor described the elements and maximum penalty as follows:

> The elements of [the] offense charged in Count 2 are also receipt of child pornography, but it's additional elements in that it is a crime[] which creates a sentencing enhance-ment that was—occurred while the defendant was on pretrial release.

> So in addition to the four elements I just read, which I'll go over again, element one would be that on or about May the 16th of 2017, while the defendant was on pretrial release pursuant to an order from this Court dated March 8,

2017, in Case No. 3:17-CR-NJR, and said order notified the defendant of potential effect of committing an offense while on pretrial release, he knowingly committed the offense of receipt of child pornography in that he received a computer video file entitled "MRVINE_C0020_090729.1918.avi"; that that video file contained child pornography; that the defendant knew that one or more persons depicted was under the age of 18; and it was shipped in interstate commerce.

The penalty for that offense as it's specific to occurring while on pretrial release is not more than 10 years' imprisonment as it is a felony, a $250,000 fine, or both; not more than three years' supervised release; $100 special assessment. Any term of imprisonment that the Court would order under this statute shall run consecutive to any other terms of imprisonment that the Court would order on Counts 1 or 3.

The judge sought clarification, asking the prosecutor if receiving child pornography while on pretrial release "does not have the five-year minimum [for receiving child pornography] because it is charging pretrial release and must be consecutive?" The prosecutor responded, "Correct, your Honor," and then elaborated:

[I]n charging the receipt while on pretrial release, it adds two additional elements[,] basically that he commits any felony[,] in this case being receipt while on pretrial release. It's a

maximum with no minimum of 10 years' imprisonment. But any time the Court deems, whether it would be a day or up to 10 years on that offense, would have to run consecutive to any time the Court would give on the other counts.

The judge and Hogue's attorney accepted this statement of the maximum penalty for Count 2. The judge then addressed Hogue directly: "Count 2 can be anything up to 10 years, but it must run consecutive to Count 1. Do you understand that?" He answered, "Yes."

The prosecutor and the judge were wrong about the effect of § 3147(1) on Count 2. For crimes committed while on pretrial release, the statute requires a prison term of up to 10 years "in addition to the sentence prescribed for the offense," and "the term shall be consecutive to any other sentence of imprisonment." § 3147(1). In other words, the same 5-year minimum for receiving child pornography applied to both Count 1 and Count 2, and the § 3147(1) enhancement raised the maximum on Count 2 by 10 years (from 20 to 30 years) and required the judge to impose a consecutive sentence on that count.

The judge next asked the prosecutor to summarize the factual basis for the crimes. Regarding Count 2, the prosecutor explained that the computer-monitoring program and the follow-up forensic review both revealed that Hogue had downloaded and received child pornography and had also deleted and wiped the downloaded files from his hard drive multiple times. The judge asked Hogue if he agreed with this summary, and he said, "Yes." The judge also inquired, "Has anyone made any prediction or promised you as to

what your sentence will be in this case?" Hogue responded that his attorney had "said about maybe like [5] to 20 maybe." The judge then accepted Hogue's guilty plea.

At the sentencing hearing, the judge again recited the applicable penalties, only this time she correctly described the effect of the § 3147(1) enhancement on Count 2. Specifically, the judge said that for Counts 1 and 2, "the statute calls for … a minimum of [5] years, up to 20 years" in prison, and that Count 2 also "calls for an enhanced penalty of not more than 10 years, which must be consecutive." Further, she told Hogue that the enhancement was "in addition to" the normal penalty.

Turning to the Sentencing Guidelines, the judge accepted the defense attorney's argument that Hogue should receive the full three-level credit for acceptance of responsibility despite his obstructive conduct while on pretrial release. With that exception, the judge accepted the Guidelines calculations in the presentence report and arrived at an advisory sentencing range of 262–327 months in prison.

The government then called Deputy Parker to testify about aspects of the investigation and his interview with Hogue. Relevant here, the officer testified that Hogue admitted to engaging in sexual misconduct with children on two occasions in the years leading up to the crimes. Hogue had acknowledged both events to the probation officer, who described them in the presentence report in the section elaborating on Hogue's diagnosis of pedophilic disorder. Still, the prosecutor asked the officer to tell the court what Hogue told him about these episodes. Parker explained that Hogue, who was 32 at the time of sentencing, had admitted that when he was in his mid-20s, he groped the breast of an

11- or 12-year-old girl while they were "playing." Hogue told Parker that he wanted to make it look like an accident and didn't think the girl noticed. Hogue also admitted that at around the same age, he took his four-year-old niece to a park in the middle of the night and ran around naked in front of her. Hogue said that he began fantasizing more about his niece after this event.

The prosecutor then asked Deputy Parker for his assessment of Hogue's likelihood to commit a contact sex offense against a child. Hogue's attorney objected, arguing that Parker was not qualified to give an expert psychiatric opinion. The prosecutor responded that he was not eliciting expert testimony but instead was asking the officer to evaluate the risk based on his experience investigating cases of this type. The judge overruled the objection, stating that she understood "the role of this witness and his background." But she rephrased the question, asking the witness for his "opinion about the need to protect the public." Parker explained that he did not view Hogue as a serious threat to the public because he was not "the type" who would stalk children at a playground or abduct a child. He added, however, that given Hogue's sexual interest in children, if he were "given an opportunity [to abuse a child] in a private setting, I do believe he would take the opportunity."

The prosecutor argued for a below-Guidelines sentence of 13.5 years—10 years concurrent on each count, plus 3.5 years consecutive for the § 3147(1) enhancement. Hogue's attorney urged the judge to impose a total sentence of 5 years and 1 day.

The judge then reviewed the sentencing factors in 18 U.S.C. § 3553(a), starting with an explanation of her

general dissatisfaction with the Sentencing Guidelines in child-pornography cases—in particular, the distorting effect of the routine application of the enhancement for use of a computer in the commission of the crime. Commenting on Deputy Parker's testimony, the judge agreed that Hogue was not likely to lure or abduct a child from a public place, but she expressed concern that he might molest a child in private if he had that opportunity. She also specifically addressed Hogue's "dysfunctional upbringing," mental-health issues (notably, his diagnosis of pedophilic disorder), and serious offense conduct while on bond. In the end, the judge settled on a below-Guidelines sentence of 20 years in prison: 10 years concurrent on each count plus a consecutive 10-year term on Count 2 pursuant to the § 3147(1) enhancement.

## II. Discussion

Hogue challenges the validity of his guilty plea on Count 2 based on the judge's misstatement during the plea colloquy of the maximum penalty on that count. He also argues that the judge failed to properly advise him of the elements of the offense and did not ensure an adequate factual basis for his plea. Finally, Hogue challenges his sentence, claiming that the judge committed procedural error in admitting Deputy Parker's testimony.

### A. Withdrawal of Guilty Plea on Count 2

Hogue did not move to withdraw his guilty plea in the district court, so our review is limited to correcting plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Williams*, 946 F.3d 968, 971 (7th Cir. 2020). Plain-error review in the guilty-plea context requires the defendant to demonstrate a

clear or obvious error during the plea process and "a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83.

### 1. *Knowledge of the Maximum Penalty*

Before accepting a defendant's guilty plea, the judge must "inform the defendant of, and determine that the defendant understands, … any maximum possible penalty, including imprisonment, fine, and term of supervised release." FED. R. CRIM. P. 11(b)(1)(H). The government acknowledges that the judge made an obvious error when she misstated the maximum penalty for Count 2 during the change-of-plea hearing.

To recap, the judge took the prosecutor's lead and viewed the § 3147(1) enhancement—up to 10 years consecutive to any other sentence—as the sole penalty for the Count 2 offense of receiving child pornography while on pretrial release. As we've explained, that's not what § 3147(1) says. By its terms, the statutory enhancement applies *in addition to* the sentence prescribed for the underlying offense: "A person convicted of an offense committed while released under this chapter shall be sentenced, *in addition to the sentence prescribed for the offense*[,] to a term of imprisonment of not more than ten years if the offense is a felony," and the sentence "shall be consecutive to any other sentence of imprisonment." § 3147(1) (emphasis added).

The underlying offense of receiving child pornography carries a prison term of "not less than 5 years and not more than 20 years." § 2252A(b)(1). The judge should have added the § 3147(1) enhancement to the statutory maximum for the underlying offense. In other words, the maximum sentence

on Count 2 wasn't 10 years (as the judge stated) but 30 years in prison: the 20-year maximum for receiving child pornography plus an additional term of up to 10 years under the § 3147(1) enhancement.

To unwind his guilty plea, however, Hogue must do more than point to an obvious error. He must establish a reasonable probability that he would not have pleaded guilty but for the error. *See Williams*, 946 F.3d at 971. But Hogue has "never *asserted*," let alone *established*, "that he would have insisted on going to trial (or held out for a better deal) if he had been aware" of the actual effect of § 3147(1) on the maximum penalty for Count 2. *United States v. Dowthard,* 948 F.3d 814, 818 (7th Cir. 2020) (emphasis added).

Indeed, the record suggests the opposite conclusion: when he was caught downloading child pornography on pretrial release, Hogue apologized to Deputy Parker, saying that he tried to overcome his child-pornography addiction but had relapsed. A trial would have made little strategic sense given this frank confession of continued criminal conduct and the unassailable evidence of guilt captured by the monitoring software and the forensic review. Hogue has not established a reasonable probability that he would not have pleaded guilty but for the judge's error about the statutory maximum for Count 2.

**2.** *Knowledge of Elements/Factual Basis for the Plea*

Rule 11 also requires the judge to "inform the defendant of, and determine that the defendant understands, … the nature of each charge to which the defendant is pleading." FED. R. CRIM. P. 11(b)(1)(G). Hogue claims that when he pleaded guilty, he didn't understand what it means to

"knowingly receive" child pornography in violation of § 2252A(a)(2). He insists that the judge should have told him that "knowing receipt" requires more than knowingly downloading and viewing the pornography; it requires knowingly exercising dominion and control over it.

The judge committed no error, much less a plain error. During the plea colloquy, she asked the government to state the elements of a § 2252A(a)(2)(A) violation, and the prosecutor responded by reciting the elements of the offense based on our pattern jury instruction. *See* PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT 643–44 (2018) (requiring a jury to find that the defendant knowingly received the material listed in the indictment without defining what it means to "knowingly receive").

A few cases from other circuits hint at the possibility of latent complexity in the statute's culpability element as it applies to electronic media.[1] But no precedent in this circuit

---

[1] For example, in *United States v. Ramos*, 685 F.3d 120, 131–32 (2d Cir. 2012), the Second Circuit concluded that the defendant knowingly received images that were stored in temporary internet files because

> he could view them on his screen, he could leave them on his screen for as long as he kept his computer on, he could copy and attach them to an email and send them to someone, he could print them, and he could (with the right software) move the images from a cached file to other files and then view or manipulate them off-line.

Similarly, the Eleventh Circuit has held that a person knowingly receives child pornography "when he intentionally views, acquires, or accepts child pornography on a computer from an outside source," even if he does not deliberately save it to his hard drive. *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011). And the Ninth Circuit has held that actively seeking out child pornography and knowingly acquiring the

suggests that the term "knowingly receives" has a unique or special meaning in this context. Hogue acknowledged during the plea colloquy that he thoroughly discussed the charges with his counsel. And he was fully informed of the nature of the charge in a manner consistent with our precedent. The judge asked him directly if he had any questions about the elements of the offense, and he said, "no."

Shifting his focus to a separate Rule 11 requirement, Hogue repackages this same argument as a challenge to the factual basis for his plea. *See* FED. R. CRIM. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."). As repackaged, it fares no better, and we reject it for the reasons already stated.

## B. Sentencing Error

Finally, Hogue asks us to vacate his sentence based on the judge's decision to admit Deputy Parker's testimony about the risk that Hogue would sexually abuse a child. This is a claim of procedural error, so our review is de novo.

Hogue's argument mirrors his objection to the officer's lack of qualifications as an expert witness. *See* FED. R. EVID. 702. But the Federal Rules of Evidence do not apply at sentencing, so the judge did not need to comply with the strictures of Rule 702. *United States v. Johnson*, 643 F.3d 545, 553 (7th Cir. 2011). And in overruling the objection, the judge explained that she understood "the role of this witness and his background." Considered in context, this qualifier

---

ability to exert some level of control (e.g., the ability to copy, print, or email the pornography) is enough. *United States v. Romm*, 455 F.3d 990, 998 (9th Cir. 2006).

suggests that the judge appropriately limited her considera-tion of the officer's testimony and did not give it weight as an expert opinion.

Relatedly, Hogue argues that the judge drew an improp-er inference about public safety from the officer's testimony about the two prior episodes of sexual misconduct involving children. This argument is completely meritless. It was entirely appropriate for the judge to consider Hogue's past sexual misconduct against children in assessing his risk to the public. Hogue admitted—to the probation officer as well as to Deputy Parker—that he groped an adolescent girl and exposed himself to (and sexually fantasized about) his four-year-old niece. This uncontested history was highly relevant to the judge's evaluation of the danger Hogue poses to children, and she reasonably considered it.

AFFIRMED