NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2021
Decided August 13, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-3084

| | |
|---|---|
| ALBERT E. DOWTHARD, *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 20 CV 50277 |
| UNITED STATES OF AMERICA, *Respondent-Appellee*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Albert Dowthard pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). He was sentenced to 186 months' imprisonment—a term that expressly accounted for his acceptance of responsibility.

While his direct appeal was pending, the Supreme Court issued *Rehaif v. United States*, 130 S. Ct. 2191 (2019). Certain categories of persons are barred from possessing firearms, and *Rehaif* clarifies that one element of a § 922(g) offense is the defendant's knowledge that he belonged to such a category—as relevant here, that Dowthard knew he was a felon. Because this knowledge element had not been discussed in Dowthard's plea proceedings, on appeal he sought relief under *Rehaif*.

But we affirmed. *United States v. Dowthard*, 948 F.3d 814 (7th Cir. 2020). Because the claim was not raised in the district court, we reviewed for plain error only—and we found none, given Dowthard's criminal history. *Id.* at 818. That history, recounted in a presentence report whose facts Dowthard accepted, included an Illinois drug conviction with a six-year prison term, two years of which he served before his release on parole. So, we reasoned, there was no doubt that he had known he was a felon when he possessed the gun. Anticipating *Rehaif* in the trial court would have made no difference.

Dowthard then sought collateral relief under 28 U.S.C. § 2255, but the district court denied the motion. We granted a certificate of appealability on two issues: whether the Constitution entitled Dowthard to withdraw his plea regardless of the plain-error test; and whether plea counsel was ineffective for not anticipating the knowledge element announced in *Rehaif*. We directed the parties to file position statements within 14 days of the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021). That decision issued in June. The government timely filed a statement contending that *Greer* forecloses relief. We received nothing from Dowthard.

As the government observes, *Greer* forecloses Dowthard's first claim. *Greer* confirms that plain-error review governs unpreserved *Rehaif* errors, and that appellate courts may use the sentencing record in their plain-error analysis.

Meanwhile, Dowthard's second claim (regarding plea counsel) is foreclosed by a lack of prejudice. To show ineffective assistance in plea negotiations, he must establish a reasonable probability that "the outcome of the plea process would have been different" with better advice. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Yet there is no reason to doubt Dowthard's knowledge of his felon status, so insisting on the knowledge element could not have given Dowthard extra leverage or changed his decision to plead guilty.

And if Dowthard's theory is that counsel should have anticipated *Rehaif*'s rule somewhat later—in time to move to withdraw the plea before direct appeal—then it fails on similar grounds. Dowthard would gain nothing from restarting plea negotiations, so he would not have asked to withdraw the plea for that purpose. Nor is there a reasonable probability that he would have sought to go to trial; Dowthard's criminal record would make it easy for the government to prove that he knew he was a felon, while undoing the plea would mean losing the 3-level reduction for acceptance of responsibility that had shaped his sentencing range under the advisory guidelines.

AFFIRMED